Benson *vs.* Green *et al.*

BENSON *vs.* GREEN *et al.*

Where a mortgage was presented to the clerk of the superior court for record in time, but was not actually recorded within the time required by law, it is not to be considered as duly recorded, so as to retain its lien in preference to a judgment obtained after it was made but before it was actually spread upon the record, although the clerk made a minute upon it (under §267 of the code) that it was filed at a certain time. The filing for record is one thing, and the recording another.

November 22, 1887.

Mortgages. Record. Liens. Judgments. Before Judge LUMPKIN. Wilkes superior court. May term, 1887.

On January 21st, S. J. Willoughby gave to Irvin, Callan & Co. a bill of sale to secure a loan; it was recorded June 16th. On March 6th, he gave James A. Benson, a mortgage on the same property. Benson delivered it to the clerk of the superior court for record on March 25th, and that officer endorsed on it " filed for record, March 25th, 1886." It was actually recorded April 9th. On March 20th, T. M. Green obtained a judgment against Willoughby. The mortgaged property was sold, and the fund raised thereby was brought into court under rule. The clerk of the superior court recorded the Benson mortgage as soon as he could in its order; when he received it, he was much

pressed with work, numbers of other deeds and mortgages having been filed for record previously, some of them by Benson.

The case having been submitted to the presiding judge, he ordered that, after paying costs, Green's judgment be paid in full, and the rest of the fund go as a credit on the claim of Irvin, Callan & Co. To this ruling Benson excepted.

COLLEY & SIMS and W. M. & M. P. REESE, for plaintiff in error.

S. H. HARDEMAN, by brief, *contra.*

BLANDFORD, Justice.

The question in this case is, whether a mortgage presented to the clerk of the superior court for record in time, but not actually recorded within the time required by law, is to be considered as duly recorded so as to retain its lien.

We are of the opinion that the mortgage must be actually recorded; that the mere presentation of it to the clerk, and minute made upon it by the clerk that it was filed at a certain time, is not a record of the mortgage so as to retain the lien from its date. We think this question is settled by our own statutes on the subject. The code, §267, subsection 15, provides that the clerk shall " make a minute on all conveyances or liens of the day left for record, and the day recorded, to be signed officially, which shall be evidence thereof." The filing for record is one thing and the recording another. That is manifest from this section of the code. It is not to be considered recorded simply because it is filed.

Section 1957 of the code postpones morgtages not recorded within the time required, to all other liens created or obtained prior to the " actual record of the mortgage." Under certain decisions of this court, an unrecorded mort-

gage is postponed to judgments obtained after the mortgage is made and before it is actually recorded. This section of the code refers to the "actual record"; and we think that means the spreading of the mortgage on the record, not the filing of it with the clerk. The court below having so held, the judgment in this case is affirmed.