ALLGOOD *v.* THE STATE.

1. It is no cause for quashing an indictment that the prosecutor in a former indictment was not the same as the prosecutor in the pending indictment.
2. A question to a witness which is not necessarily leading will not be held by a reviewing court to be objectionable as a leading question.
3. It is not admissible evidence to discredit the prosecutrix as a witness, that some one else induced her to commence the prosecution.
4. Small variances in the spelling of some of the words used in the forged instrument will not vitiate an indictment for the forgery, nor prevent the introduction of the instrument in evidence.
5. The making of the forged deed by the accused is established by proof that the signatures of the maker and witnesses were in his handwriting, that he deposited the deed in the clerk's office to be recorded, and that the maker and witnesses did not authorize the signing of their names.
6. A deed purporting to be executed in one county cannot be legally recorded upon the attestation of a notary public of another county together with that of an unofficial witness. A certified copy taken from a record so made is no evidence of the execution of an original deed corresponding with it, and is not admissible in evidence in lieu of such original without further proof.
7. Though a deed may be without formal words of conveyance, yet if a valuable consideration and the names of a vendor and a vendee appear in the instrument, and there is a warranty of title, the legal effect would be to pass title if the instrument were genuine; and consequently, if spurious, it may be a subject of prosecution for forgery.

July 20, 1891.

Criminal law. Forgery. Indictment. Evidence. Deeds. Record. Title. Before Judge HARRIS. Carroll superior court. October term, 1889.

Reported in the decision.

O. L. REESE and W. F. BROWN, for plaintiff in error.

T. A. ATKINSON, solicitor-general, and W. C. ADAMSON, *contra.*

SIMMONS, Justice.

1. Allgood was indicted and tried for the offence of forgery, and was convicted. He made a motion for a

new trial, which was overruled, and he excepted.    At
the trial the defendant moved to quash the indictment,
on the ground that in a former indictment for the same
offence, Reagan was the prosecutor, and in the present
indictment Mrs. Russell was the prosecutor.    This mo-
tion was overruled by the court, and was made the
basis of the 4th ground of the motion for a new trial.
The court did not err in overruling this motion.    The
ground stated is not sufficient to authorize a court to
quash an indictment.    If the first indictment was
quashed or *nol. pros'd*, and Reagan's name was written
thereon as prosecutor, the solicitor-general was not
compelled by law, when he presented the next indict-
ment before the grand jury, to place Reagan's name
upon that indictment.    Any person has the right to
prosecute for a violation of the criminal laws of the
State.    After the first indictment was disposed of, if
Reagan was not the real prosecutor, the solicitor-
general had the right to put upon the indictment the
name of Mrs. Russell, who seems to have been the per-
son aggrieved by the forgery, and the real prosecutrix
in the case.

2. The 5th ground complains that the court erred in
overruling the objection of defendant's counsel to the
following question addressed to a witness by the
solicitor-general, the objection being that the question
was leading : " What did he (meaning the defendant)
say to you about testifying that he was authorized to
sign your name to the deed ?"    While this question,
taken by itself, appears to be leading, yet when we take
it in connection with the previous question asked the
witness, it is not leading.    The brief of evidence shows
that the witness was first asked if he had a conversa-
tion with the defendant about signing his (witness's)
name to the deed; and he replied that he did; and then
followed the question objected to.    Taking the question

objected to with the other question asked the witness, the court did not err in overruling the objection.

3. There was no error in refusing to allow the defendant to ask the prosecutrix if Reagan did not induce her to prosecute this case, as complained of in the 6th ground. It was insisted that the evidence was material to show what influence was brought to bear upon the witness, and to illustrate what credit the jury should attach to her evidence. The evidence was not admissible for that purpose, and if it had been admitted, it should not have affected the credit of the prosecutrix. If the criminal law has been violated, it is a duty of the citizen to prosecute the criminal, and it is the right of any citizen to advise and induce the party aggrieved to prosecute; and the fact that a person was induced by others to prosecute for the criminal offence, should not discredit his testimony before the jury, nor should the trial judge allow the fact to be proved for that purpose.

4-5. The 7th ground complains of two rulings as erroneous: (1) that the court admitted the alleged forged deed in evidence, over the objection of the defendant that its execution had not been sufficiently proved. We presume this means that it had not been sufficiently proved that the defendant signed the name of Mrs. Russell to the deed, and the names of the witnesses thereto. The evidence shows that Mrs. Russell, whose name was signed as the maker of the deed, did not sign it, and did not authorize any one to sign it for her. It further shows that the persons whose names were affixed to the deed as witnesses did not sign nor authorize any one to sign their names as witnesses thereto. It was further shown that the signatures to the deed were in the handwriting of the defendant, and that he carried it to the clerk of the superior court and left it with him for record. We think this was sufficient proof that the de-

fendant signed the names of Mrs. Russell and the wit-nesses to the deed. (2) The next ground of objection to the admissibility of the forged deed in evidence was that it did not correspond with the one set out in the indictment, the variances being as follows : In the first line of the second page of the indictment was the word 'hereby,' and the deed offered in evidence had the word 'hereby' in the 3d line; the indictment had the word ' parcel ' and the deed the word ' parsel '; the indictment had the word ' heirs ' and the deed the word ' hears '; the indictment had the word 'warrant' and the deed the word ' warent.'  We do not think these small variances in spelling are sufficient to vitiate an indictment for forgery, nor to prevent the introduction of the forged deed in evidence.  The principal reason of the strictness required by the rule of pleading in the setting out of the forged instrument, is that the court may be able to judge whether it is an instrument whereof forgery may be committed.  The misspelling of words, therefore, unless the misspelling changes the sense of the word, will not vitiate the indictment, nor prevent the introduction of the deed set out therein, as evidence.  1 Bishop Crim. Proced. §562; 2 Russell Crimes, 9 ed. 799 ; 8 Am. & Eng. Enc. of L. 519.  It does not appear that the dislocation of the word "hereby" altered the sense of the instrument, or affected its validity.

6. The record shows that the forged deed conveyed certain lots of land from Mrs. Russell to Allgood, the defendant; and that Allgood borrowed a certain sum of money from one Bethune and made him a deed to the same land, signed by himself and his wife.  This deed from Allgood was headed " Georgia, Carroll county," and the copy-deed put in evidence shows that it was attested by A. J. Hansell, and by J. H. Jones, notary public of Fulton county, Georgia.  It was recorded in Carroll county.  A *subpœna duces tecum*

.was issued to the attorneys of Bethune to produce the original deed from Allgood to Bethune, but they declined to do so, claiming their privilege as attorneys. A copy from the record in Carroll county was then introduced in evidence, over the objection of defendant's counsel, and this is excepted to in the 8th ground of the motion for a new trial.

We do not think that a copy made from the record in Carroll county, without further proof of execution of the original than the fact of its being recorded, was admissible as evidence. Under the facts above stated, the clerk of the superior court of Carroll county was not authorized to admit the deed to record. It purported to have been made in Carroll county, and was attested by another witness and an officer of Fulton county. If it was executed in Carroll county, the notary public in Fulton county had no authority to act officially in Carroll county, and his attestation as notary public of Fulton county would not authorize the recording of the deed in Carroll county. The code, §2706, says that if a deed is executed in this State, " it must be attested by a judge of a court of record of this State, or a justice of the peace, or notary public, or clerk of the superior court in the county in which the three last mentioned officers, respectively, hold their appointments." A notary public of Fulton county, therefore, has no right to attest a deed officially in Carroll county, and the clerk in Carroll county had no right to put the deed on record. And if it was not recorded properly in Carroll county, a certified copy thereof was not admissible in evidence without proof of an original, and of its execution, and that .this was a copy thereof. There was proof that there was an original, but no proof of its proper execution; nor was there any proof that the copy offered was a copy of the original. The court therefore erred in admitting this copy-deed in evidence over the objection

of the defendant. See *Fain* v. *Garthright*, 5 *Ga.* 12;
*Hammond* v. *Wilcher*, 79 *Ga.* 424.

. 7. The next ground we will notice complains that the
verdict is illegal "for the reason that the alleged forged
deed conveys nothing to any person or by any person";
that "there is neither grantor nor grantee in said deed."
It is true this deed does not contain the usual and
formal words of conveyance; but it sets out the names
of the vendor and vendee, and a valuable consideration,
and contains a warranty of title. Our code declares
(§2692) that "No prescribed form is essential to the va-
lidity of a deed to lands or personalty. If sufficient in
itself to make known the transaction between the par-
ties, no want of form will invalidate it." We think this
deed is sufficient to make known the transaction be-
tween the parties, and the legal effect of it, if genuine,
would be to pass the title from Russell to Allgood; and
if a forgery, it may be the subject of a prosecution for
forgery. In the case of Newton *v.* McKay, 29 Mich. 1,
a deed similar to the one before us was objected to on
the ground that no grantee was named or sufficiently
described, but the court held that it was a valid convey-
ance. The reasoning of Graves, C. J., in that case, will
apply to the present deed. It is not necessary that the
forged paper should be shown to be a perfect instru-
ment; it is sufficient if the indictment shows that it is
one which if genuine is capable of having some legal ef-
fect. Am. & Eng. Enc. of L. pp. 512, 513.

*Judgment reversed.*