WILLIAM F. FOY, Ex'r, v. COMMISSIONERS OF CRAVEN COUNTY.

### Contract—Evidence.

Plaintiff made a written contract with defendant to erect a bridge in accordance with specifications at a point where there was an old bridge, and in the execution of the contract removed the timber from the first structure to another point; plaintiff having been paid the contract price, brought suit to recover compensation for services rendered in the removal of the old bridge : *Held*, that there being no allegation or proof that this service was performed at the request of defendants, or that they took benefit under it, he was not entitled to recover.

This was a CIVIL ACTION, tried before *Winston, J.*, at Spring Term, 1892, of CRAVEN Superior Court.

The plaintiff alleged that the defendant was indebted to his testator, William Foy, for taking down and removing "Cleremont bridge" to the lower Brice's creek bridge as set forth in the complaint.

The plaintiff proved by one Hugh Murdock that he was a bridge builder, and had been such for the last fifty years; that he removed "Cleremont bridge" for plaintiff testator, and built the new bridge in its place; that a large part of the timber of the old bridge was rafted and taken about four miles to the defendant's bridge at Brice's creek; that it was the custom that if a contract to build bridges was silent as to who should have timber in old bridge removed to erect new bridge that such timber belonged to the contractor to build the bridge.

Plaintiff proposed to show by this witness that if such timber was retained by the party contracting to have the bridge built, it was the custom for the party removing the same to receive reasonable compensation for removing the same.

This was excluded by the Court.   Objection and exception.

111—9

The bridge was 700 or 800 feet long, and the new bridge was put in same place and on same abutments as old one by plaintiff testator. That to take down the old bridge and remove it to Brice's creek was worth one-third as much as the contract price to build the new bridge.

The defendant then introduced in evidence the contract between plaintiff's testator and defendant to build the bridge, the material parts of which are as follows: " Be it remembered, that on the 20th of August, 1883, it is agreed between William Foy and the Board of Commissioners of Craven County as follows: That said Foy, etc., agrees that he shall and will within the space of _____, until January 1, 1884, next after the date hereof, in a good and workmanlike manner, and at his own proper charge and expense, at a point on Trent river, about three miles above Newbern where there is now a bridge known as Cleremont, well and substantially erect, build and finish out of the best material a wooden bridge according to the plan and specifications hereto attached and made a part of the agreement, the said Foy furnishing all of the timber and other material; in consideration whereof the Board of Commissioners covenant and agree to pay to Foy, his executors and administrators the sum of $3,000 in the manner following: One-third from time to time as needed up to one-third completion; one thousand dollars more when the work is two-thirds completed, and the balance when said bridge is finished and accepted by the Board: *Provided*, that before any payments are made the work shall be inspected and approved by the Board, or some one under its direction. And for the performance of the agreements above mentioned, the parties do hereby bind themselves each to the other in the sum of three thousand dollars. In witness whereof," etc. Signed by the parties on the 20th of August, 1883.

It was admitted that the $3,000 mentioned in the contract had been paid, and that no new contract had been entered into between the parties.

Plaintiff here rested his case. Thereupon the Court announced its opinion to be that if by the general custom a man removing an old bridge is entitled to the timber of the old bridge, then, in this action, the plaintiff cannot recover, because he does not sue for the conversion of the same, and that the custom sought to be engrafted on the written contract in this case contradicts the terms of said contract, for that the new bridge cannot be erected where the old one stood without removing the latter.

Whereupon, the plaintiff submitted to a nonsuit, and appealed.

*Mr. W. W. Clark,* for plaintiff.
*Mr. C. R. Thomas,* for defendant.

MacRae, J.: The exception to the exclusion of evidence was not insisted upon here. The only point presented to us is whether the plaintiff would be entitled to recover for moving the material of the old bridge to Brice's creek bridge, some distance below the point where the old Cleremont bridge was taken down and the new bridge erected by plaintiff.

The contention of the defendant is that there was a written contract between plaintiff and defendant for the building of the Cleremont bridge on Trent river where the old bridge stood, which contract provided for the building by plaintiff of the new bridge and the payment by defendant of $3,000 to plaintiff therefor, and that parol evidence was inadmissible to vary the terms of said written contract. The claim of plaintiff for taking down the old bridge and removing it to the lower Brice's creek bridge, is entirely separate and independent of the written contract for the building of the Cleremont bridge. The first exception for the exclusion of testimony might have raised some question with regard to the written contract and its bearing upon the necessary removal

of the old bridge before the building of the new, but, as we have said, this exception was not insisted upon.

The question we have now to consider, is whether the plaintiff could, in any view of the testimony, have recovered of defendant for the removal of the material of the old bridge to the lower Brice's creek bridge. The testimony upon this point is that of the plaintiff, " that a large part of the timber of the old bridge was rafted and taken about four miles, to the defendant's bridge at Brice's creek, and that to take down the old bridge and remove it to Brice's creek was worth one-third as much as the contract price to build a new bridge." There is no allegation in the complaint, and there is no proof, that this service was performed at the request or for the benefit of defendant, or that defendant accepted or took benefit by the same. 1 Am. and Eng. Enc. of Law, 884 (note 2), 889. So, without passing upon the correctness of the opinion expressed by his Honor, we hold that upon the complaint and upon the evidence the plaintiff was not entitled to recover, and the judgment of nonsuit is

Affirmed.