Stewart & Daniel, S. N. Woodward, J. J. Rogers, S. J. Hale, J. F. Redding and E. F. Dupree, contra.

---

Derrick v. Pierce.

The record of a contract of conditional sale of personalty delivered to the purchaser, the instrument being attested by one witness but no probate being made to prepare it for record, is without effect, and a judgment against the conditional purchaser afterwards rendered, even upon an antecedent debt, will bind the property; nor will a rescission of such contract of sale by the parties thereto, after the judgment lien attached, affect the lien. Code, §1955(a); Cohen v. Candler, 79 Ga. 427. Judgment affirmed.

April 2, 1894. Argued at the last term.

Levy and claim. Before Judge Hunt. Henry superior court. April term, 1893.

An execution in favor of Pierce against Jones was levied upon a mule, to which a claim was interposed

by Derrick. The property was found subject. Derrick moved for a new trial, and the motion was overruled. The motion alleged, in addition to the general grounds, that the court erred in charging: "If the claimant sold the mule to defendant and delivered it to defendant under a contract in writing, which was recorded within thirty days, but which contract was not executed in the presence of and attested by or approved before a notary public or justice of any court in this State or clerk of the superior court, it would be no notice to plaintiff although it was so recorded; and if plaintiff sued his debt after defendant came in possession of such mule, and obtained a judgment, it would be a lien from the date of the judgment, and the mule would be subject to the *fi. fa.* levied. If the defendant returned the mule to the claimant after the judgment was obtained, and they, defendant and claimant, agreed on a cancellation of their trade, this would not defeat the lien of plaintiff's judgment, if it is true that the contract of sale was not properly executed and recorded in manner as charged in foregoing part of my charge."

Also, that the court erred in not charging, as requested by claimant: "If you find that the debt which was the foundation of the judgment on which the *fi. fa.* was issued, was created and became due before the purchase of the property by the defendant in *fi. fa.*, then you should find the property not subject, because no lien attached to said property from said judgment as against the claimant holding a written contract of sale containing reservation of title, although said contract was defectively executed and recorded."

W. A. BROWN, for plaintiff in error.

E. J. REAGAN, *contra*.