## PENLAND *v.* CATHEY.

When personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until the payment of the purchase-price, such reservation of title is invalid as

to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law.

Submitted March 14,— Decided April 6, 1900.

Certiorari.     Before Judge Estes.     Rabun superior court. February term, 1899.

W. S. Paris, for plaintiff.     W. F. Findley, contra.

LITTLE, J.     The answer of the justice of the peace to a writ of certiorari issuing from the superior court of Rabun county showed the following facts:  At the September term, 1898, of the justice's court of the 436th district, G. M., of said county, there was tried before a jury the case of Harvey Penland, plaintiff in fi. fa. (Marshall Bleckley, defendant in fi. fa.) *vs.* J. E. Cathey, claimant.  Plaintiff put in evidence a fi. fa., issued on the 29th day of April, 1898, on a judgment rendered in the justice's court of the 436th district G. M., of said county, on the 23rd day of April, 1898, in favor of the plaintiff against Marshall Bleckley, with an entry of a levy thereof on "one sorrel mare about ten years old."  Williams testified that he was the constable who levied the fi. fa., and that he levied upon the property in dispute as the property of Marshall Bleckley, who was in possession of the same at the time of the levy.  The claimant testified: "In February of this year  .  .  the defendant came to see me about buying the mare now levied on. I priced him the mare at thirty dollars.  He did not have the money to pay me cash, and I told him he could take her and keep her with the understanding and agreement that she was to be my mare until he paid me for her."  Bleckley testified: "I went to Mr. Cathey, claimant, in February,  .  .  to see about making a trade with him.  He priced me his mare, the one now levied on, at thirty dollars.  I did not have the money to pay for her, and he told me I·could take her with the understanding that the mare was to be his until I paid for her.  The mare was in my possession when Mr. Williams levied on her."  Plaintiff's attorney objected to the testimony of Cathey and Bleckley, and the justice overruled the objection.  The jury found the property not subject.  Penland sued out a certiorari and assigned as error, that the verdict was contrary to the evidence, and with-

out evidence to support it; that the verdict was contrary to law and the principles of justice and equity; that the evidence of Cathey and Bleckley was admitted over objection on the ground that such a contract as disclosed by the evidence, in order to bind or affect the plaintiff, would have to be in writing. On the hearing in the superior court it was ordered that the certiorari be overruled and dismissed. To which ruling the plaintiff excepted, and brings the case here for review.

The evidence in the record makes a clear case of such a conditional sale of personal property as is contemplated in section 2776 of the Civil Code. The property sold and the price to be paid were ascertained and determined; there was no act of the vendee to be performed before the sale was completed; and the delivery was unconditional. This contract not being in writing, the reservation of title was not valid against third parties. Civil Code, § 2776. The object of the statute is to prevent fraud and perjury. *Harp* v. *Patapsco Guano Co.,* 99 *Ga.* 752-758. And it makes no difference whether the lien of the third party arose out of transactions occurring before or after the making of such conditional sale. *Derrick* v. *Pierce,* 94 *Ga.* 466; *Austin* v. *Hamilton,* 96 *Ga.* 759; *Harp* v. *Patapsco Co.,* supra. The reservation of title in the contract not being effective against third parties unless evidenced in writing, title vested unconditionally in the defendant in fi. fa., by the terms of the verbal contract. The court below erred in dismissing the certiorari.

*Judgment reversed. All the Justices concurring.*