CAMBRIDGE TILE COMPANY *v.* SCAIFE & SONS COMPANY.

FISH, C. J. 1. Where in a bill of exceptions, assigning error upon the judgment of a trial court in awarding a fund in court to one of two contestants therefor, the issues presented by the pleadings and the facts as agreed upon by counsel for the respective parties are set forth, and there is an averment in the bill of exceptions that upon such issues and facts the judge, as a matter of law, decided that the party other than the one complaining was entitled to the fund, an assignment of error that such decision was error because it was contrary to law is sufficient; and the motion to dismiss the writ of error upon the ground that there was no sufficient assignment of error is overruled.

2. The lien of a judgment rendered before the recording of a prior mortgage is superior to the lien of the mortgage (Civil Code, § 3260), though at the time of the rendition of the judgment a petition to foreclose the mortgage (on realty) has been filed and a rule nisi has been issued thereon and served. *Richards* v. *Myers,* 63 *Ga.* 763; *Benson* v. *Green,* 80 *Ga.* 230 (4 S. E. 851); *New England etc. Co.* v. *Ober,* 84 *Ga.* 294 (10 S. E. 625); *Cabot* v. *Armstrong,* 100 *Ga.* 438 (3), 442 (28 S. E. 123). In such a case notice, actual or constructive, to the judgment creditor, at the time when the judgment was rendered, of the existence of the unrecorded mortgage, is immaterial. *Burke* v. *Anderson,* 40 *Ga.* 540; *Cottrell* v. *Bank,* 89 *Ga.* 517 (15 S. E. 944).

(*a*) A mortgage was executed January 7, 1908, on land of the mortgagor situated in a county other than that of his residence. A petition to foreclose was filed February 15, 1909. The mortgage was recorded September 20, 1909. An execution on the foreclosure was issued on February 28, 1910, and recorded, in the county where issued, on March 2, 1910. A common-law judgment in favor of another creditor of the mortgagor was rendered against him, in the county of his residence, on April 7, 1909, and the execution issued thereon was entered upon the general execution docket of that county May 31, 1909. *Held,* that, under the ruling just above announced, the lien of the common-law judgment was superior to the lien of the mortgage; and that the trial judge erred in holding that the mortgagee's claim to a fund arising from the sale of the mortgaged land was superior to the claim of the judgment creditor, and in awarding the fund to the mortgagee.

(*b*) If, in such a contest, the time when the common-law execution was entered of record on the general execution docket were material, it appears in this case that it was entered prior to the record of the mortgage.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*

DECEMBER 15, 1911.

Intervention. Before Judge Seabrook. Liberty superior court. September 20, 1910.

*Wimbish & Ellis* and *Way & McCall,* for plaintiff in error.

*P. W. Meldrim,* contra.