*W. C. Martin, C. N. King,* and *W. E. Mann,* for defendants.

---

NORTH *v.* GOEBEL *et al.*

FISH, C. J. 1. A written instrument containing stipulations for paying rent or hire during a term for the use of personal property, with a provision that on making the last payment title shall vest in the so-called lessee, constitutes a conditional sale. *Hays* v. *Jordan,* 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373); *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (50 S. E. 402).

2. "Conditional bills of sale must be recorded within thirty days from

their date, and in other respects shall be governed by the laws relating to the registering of mortgages." Civil Code, § 3319. A mortgage on personalty must be recorded "in the county where the mortgagor resided at the time of its execution, if a resident of this State. If a non-resident, then in the county where the mortgaged property is. If a mortgage be executed on personalty not within the limits of this State, and such property is afterwards brought within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in." Ib. § 3259.

3. Mortgages not recorded within the time required shall remain valid as against the mortgagor, but are postponed to all other liens created or obtained prior to the actual record of the mortgage. Ib. § 3260.

4. In view of the foregoing provisions of the code, it follows that a conditional bill of sale to personalty, executed in another State where the property was at the time of the execution of the instrument, by a resident of that State to a resident of this State, should have been recorded in the county of this State where the vendee resided, within six months after it was brought into this State, and record within such time in another county of this State where the property was temporarily was not sufficient.

5. Accordingly, in such a case as is referred to in the next preceding note, where the conditional bill of sale was not recorded in the county of the vendee's residence in this State within six months after the property was brought within this State, liens of attaching creditors of the vendee were superior to the title of the vendor.

*Judgment affirmed. All the Justices concur.*
SEPTEMBER 27, 1912.

Equitable petition. Before Judge Edwards. Haralson superior court. January 30, 1911.

*M. J. Head,* for plaintiff. *H. J. McBride,* for defendants.