### PICKARD & HOGG *v.* GARRETT.

ATKINSON, J. A sold a horse to B and C, and by written contract reserved title until payment of the purchase-price. The contract was recorded in a designated county which affirmatively appeared not to be the county of the residence of B; and it was not shown to be the county of the residence of C. Subsequently D obtained a common-law judgment on a different demand against B and C, upon which execution was duly issued. The horse, being found in the possession of B, was levied on as his property. The sale was made in pursuance of an order of court obtained under the Civil Code, §§ 6068, 6069, based on an application for leave to sell on the ground that the property was of a perishable nature, and that there was expense attending the keeping of the same. D, the plaintiff in fi. fa., became the purchaser. *Held:*

1. In order for the reservation of title to be valid against third parties, the vendee being a resident of this State, it is essential that the contract should be recorded in the county where such vendee resides at the time of the execution of the contract. Civil Code, §§ 3318; 3319, 3259; *Penland* v. *Cathey*, 110 *Ga.* 431 (35 S. E. 659).

(*a*) It did not appear that the contract was so recorded.

2. The provisions of the statute (Civil Code, §§ 6068, 6069) for the speedy sale, under order of the court, of "live stock, fruit, or other personal property in a perishable condition," are applicable to the sale of a horse which is levied on by virtue of a fi. fa., and is not replevied but remains in the hands of the levying officer.

3. The lien of the junior judgment being superior to the right of the vendor claiming under the contract reserving title which was not properly recorded, the purchaser at the sale acquired a superior title, notwithstanding the vendor, at the time of the sale, gave notice of the contract. *Smith* v. *Jordan*, 25 *Ga.* 689.

4. In an action of trover instituted by A against D to recover the property, the facts appearing without conflict as indicated above, the judge did not err in directing a verdict in favor of the defendant.

                     *Judgment affirmed. All the Justices concur.*
                          JUNE 13, 1914.

Trover. Before Judge Gilbert. Taylor superior court. April 9, 1913.

*W. D. Crawford,* for plaintiffs. *Jere M. Moore,* for defendant.