FARMERS BANK OF DOERUN *v.* AVERY & COMPANY.

FISH, C. J. "When personal property is sold and delivered with the condition affixed to the sale that the title is to remain in the vendor until the payment of the purchase-price, such reservation of title is invalid as to third parties, unless the contract embracing the same is reduced to writing, duly attested, and recorded as prescribed by law." *Penland* v. *Cathey,* 110 *Ga.* 431 (35 S. E. 659); Civil Code (1910), §§ 3318, 3319.

(*a*) On January 24, 1914, a parol agreement was entered into for the sale of certain personalty, the title to the same to remain in the vendor until the purchase-price should be fully paid, with the understanding that the terms of the contract should subsequently be reduced to writing, the property being delivered "somewhere between January 24th, 1914, . . and the 10th of February." On April 16, 1914, a written contract was duly executed in accordance with the parol agreement. On February 19, 1914, a common-law judgment was rendered against the vendee of the personalty, and an execution duly issued thereon and entered on the general execution docket was levied, on August 6, upon the personalty as the property of the defendant in execution, he being in possession of the same. It does not appear from the brief of evidence that the contract of sale was ever recorded. *Held,* that upon the trial of the issue made where the vendor of the personalty filed a claim to the property levied on, the judgment lien had priority over the unrecorded conditional bill of sale, and that a verdict finding the property not subject was not authorized. *Southern Iron &c. Co.* v. *Voyles,* 138 *Ga.* 258 (75 S. E. 248, 41 L. R. A. (N. S.) 275, 29 Ann. Cas. (1913D) 369); *Pickard* v. *Garrett,* 141 *Ga.* 831 (82 S. E. 251).

(*b*) This court can not consider matter agreed upon between counsel in their briefs here to have been omitted from the brief of evidence which was approved by the trial judge and sent up as a part of the record in the case. See *Smith* v. *State,* 118 *Ga.* 83 (44 S. E. 827); *Shaw* v. *Henderson Lumber Co.,* 141 *Ga.* 47 (5) (80 S. E. 322).

*Judgment reversed. All the Justices concur.*

JULY 11, 1916.

Claim. Before Judge C. S. Reid. Colquitt superior court. March 27, 1915.

*J. L. Dowling* and *J. D. McKenzie,* for plaintiff.

*Edwin L. Bryan,* contra.