REAL ESTATE BANK & TRUST CO. *v.* BALDWIN LOCOMOTIVE WORKS.

PER CURIAM. 1. The evidence authorized the finding that the deed of trust executed to the plaintiff in error by the Eden Manufacturing Company did not convey title to the locomotive, the property in controversy. See the former decision in this same case, 145 *Ga.* 831 (90 S. E. 49).

2. Sections 2791 and 2792 of the Civil Code apply not only to railroads which are operated by corporations duly chartered, but to all railroads, whether chartered or not, in the operation of which cars and locomotives are essential.

3. As this action was converted into one equitable in its nature, by amendment to the original pleadings both of the plaintiff and the defendant, the issues were to be decided under the application of equitable principles; and the jury were authorized to find, in the application of such principles, that the plaintiff in error, by reducing its claim to judgment, did not obtain a lien superior to the claim of the Baldwin Locomotive Works for the balance of the unpaid purchase-money.

4. The rulings in the foregoing headnotes, in connection with the rulings made when the case was formerly before this court, decide the controlling questions; and the court below did not err in refusing to grant a new trial.      *Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting. The written instrument executed by Bourne to Baldwin Locomotive Works in the purchase of the locomotive is a contract of conditional sale. *Hays* v. *Jordan,* 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373); *Cottrell* v. *Merchants Bank,* 89 *Ga.* 508 (2), 519 (15 S. E. 944); *North* v. *Goebel,* 138 *Ga.* 739 (76 S. E. 46). It does not appear that the vendee under the conditional sale was a railroad company, or a person owning or operating a railroad; and as to recordation of the contract sections 3318, 3319, and 3259 of the Civil Code apply. There was a failure to record the instrument in the county of the residence of the vendee, as required by these sections. If, however, the vendee can be classified as a person operating a railroad, then section 2792 of the Civil Code requires that the contract be recorded in the county where the principal office is located. There was a failure to comply with this law, because it does not appear that the vendee maintained any office in a county other than Chatham, where he resided. While good as between the parties thereto, the contract of sale, as against lawfully acquired rights of third parties, was ineffectual to retain title, because of the failure to comply with the law as to recordation. Civil Code, § 3260; *Cambridge Tile Co.* v. *Scaife Co.,* 137 *Ga.* 281 (73 S. E. 492); *Pickard* v. *Garrett,* 141 *Ga.* 831 (82 S. E. 251); *Farmers Bank* v. *Avery,* 145 *Ga.* 449 (89 S. E. 409). A record other than that required by law is a nullity. *McCandless* v. *Yorkshire Corporation,* 101 *Ga.* 180 (4), 182 (28 S. E. 663).

No. 767. FEBRUARY 24, 1919.

Equitable petition. Before Judge Meldrim. Chatham superior court. November 19, 1918.

*G. H. Richter* and *E. S. Elliott,* for plaintiff.

*H. W. Johnson,* contra.