## 16398.   JONES MOTOR COMPANY *v.* FINCH MOTOR COMPANY.

1. Where in the trial of a claim case it appears that at the time of the levy the defendant in fi. fa. was in possession of the property levied upon, the burden is upon the claimant to show his title. Such burden having fallen upon the claimant in this case, and there being a total failure to carry it, the only legal result, under the evidence adduced, was a verdict in favor of the plaintiff in fi. fa. Such verdict, though directed, could not lawfully be set aside by the grant even of a first

new trial, in the absence of some error which could have contributed to the result.

2. In the trial of such a case, where the claimant tendered in evidence a paper purporting upon its face to be a conditional-sale contract between the claimant as seller and the defendant in fi. fa. as purchaser of the property in question, and the paper had not been properly attested for record and recorded, and the plaintiff in fi. fa. objected to its introduction in evidence, because its execution had not been proved, the objection was properly sustained. The verdict in favor of the plaintiff in fi. fa. having been demanded by the evidence and no error having been committed, the court should not have granted a new trial.

DECIDED SEPTEMBER 18, 1925.

Levy and claim; from Monroe superior court—Judge Persons. March 14, 1925.

*Gillon & Churchwell,* for plaintiff.

*Oliver C. Hancock, Eugene Horne,* for defendant.

BELL, J. This was a claim case in which the court directed a verdict in favor of the plaintiff in fi. fa. The claimant filed a motion for a new trial, which was granted, and the plaintiff in fi. fa. excepted.

1. Did the court err in granting the motion? The plaintiff in fi. fa. procured a judgment against W. J. Marshall on February 4, 1924. Pursuant thereto execution was duly issued and entered upon the general execution docket on the same date. The execution bore an entry showing that on August 6, 1924, it was levied upon a certain automobile as the property of the defendant in fi. fa., found in his possession. The fi. fa., with the entries thereon, was introduced in evidence, and the plaintiff rested. W. R. Finch, in behalf of the claimant, then testified, "I know one certain car levied upon bearing the description of that car. It is a 1920 model Buick Sedan, closed car. I have a retention-title bill of sale to this car. W. R. Finch Motor Company has a retention-title bill of sale. That is in my possession. The car described in that paper is the same car levied upon in this case. It was levied upon by the sheriff. It was one Buick Sedan 1920 model." No other evidence having been admitted, the court directed a verdict in favor of the plaintiff in fi. fa. When it appeared that at the time of the levy the defendant in fi. fa. was in possession of the property levied upon, the burden was upon the claimant to show his title. Civil Code (1910), § 5170; *Bartlett* v. *Russell,* 41 *Ga.* 196 (1); *Powell* v. *Westmoreland,* 60 *Ga.* 572 (1); *Greene* v.

*Mathews,* 31 *Ga. App.* 265 (1) (120 S. E. 434). While the evidence of Mr. Finch, in going into the contents of a written contract, was secondary, no such objection was made; and if it had made an issue, the claimant might perhaps have been entitled to have the issue submitted to the jury. "Primary proof is dispensed with when secondary evidence is admitted without objection; and the failure to object at the time the secondary evidence is offered will generally be treated as a waiver of objection." *Bugg* v. *State,* 17 *Ga. App.* 211 (3) (86 S. E. 405). See also *Goodwyn* v. *Goodwyn,* 20 *Ga.* 600 (10); *Helms* v. *State,* 136 *Ga.* 799 (2) (72 S. E. 246); but see *Jones* v. *Newberry,* 16 *Ga. App.* 424 (85 S. E. 617). It would seem to need no argument, however, to demonstrate that the claimant did not even begin to carry the burden which devolved upon it. If the claimant had made a conditional sale in writing to the defendant in fi. fa. *after* the judgment, it would have been superior to the judgment, whether recorded or not. *American Law Book Co.* v. *Brunswick Crosstie & C. Co.,* 12 *Ga. App.* 259 (77 S. E. 104). But if the conditional sale *antedated* the judgment, it would have been subject thereto unless it was properly recorded. *Southern Iron & Equipment Co.* v. *Voyles,* 138 *Ga.* 258 (4) (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 36). Mr. Finch's testimony, in failing to show whether the conditional sale was made before or after the judgment, and whether, if before, it was duly recorded, was altogether insufficient to raise any issue for trial. Under these circumstances the court did not err in directing a verdict in favor of the plaintiff in fi. fa. Such a verdict being demanded by the evidence, it was error to grant a new trial, unless some error had been committed which could have contributed thereto. *Herz* v. *Claflin Co.,* 101 *Ga.* 615 (5) (29 S. E. 33). It is error even to grant a first new trial where the law and the evidence demands the verdict as rendered, whether it was directed by the court or returned at the volition of a jury. Civil Code (1910), § 6204; *Citizens Bank* v. *Rudisill,* 4 *Ga. App.* 37 (1) (60 S. E. 818). This brings us to the question of whether any error was committed which could have contributed to the verdict.

2. The legality of the judgment granting the motion will depend upon the merit of a lone special ground thereof, in which it was complained that the court erred in excluding from evidence the alleged conditional sale. There was set out in this ground

what purported to be a written contract evidencing the sale of the property in question by the claimant to W. H. Marshall and W. J. Marshall, in which title to the property was reserved in the seller until the payment of a certain amount as the balance of the purchase-money. The contract appears to have been witnessed only by one who was not authorized by law to attest it officially. A form of probate had been written but not signed. The instrument was nevertheless recorded. Its date was subsequent to the date of the judgment. The instrument having been improperly attested, its record amounted to nothing. Civil Code (1910), § 4205; *Livingston* v. *Hudson,* 85 *Ga.* 835 (4) (12 S. E. 17). While it is true that since it was subsequent in date to the judgment, the registration was not necessary to its priority, it is also true that in the absence of proper record it could not be admitted in evidence without proof of its execution. See Civil Code (1910), § 5828. There was no effort to prove its execution, and the assignment of error in the motion for a new trial showed that its introduction in evidence was objected to on this ground. In approving the amendment to the motion the judge certified, "Counsel for plaintiff also objected to the introduction of the contract offered, on the further ground that its execution is not proven, for the reason that, being witnessed by a common witness, G. R. Hill, its execution can be proven in only one way, and that is by the subscribing witness, G. R. Hill. Whereupon the court ruled: 'Mr. Hill never did sign that probate, though. I think the point well taken. I don't think the title that Mr. Finch attempted to reserve is a good reservation of title, but he invested the title in Marshall when he turned it over to him.'" The judge thereafter granted the motion, solely because, as recited in his order, he had discovered that the conditional sale was entered into after the date of the judgment and that its record was therefore not necessary to its priority. The judge's note shows that regardless of the comment made by him at the time, he sustained the plaintiff's objection to the introduction of the instrument until there was proof of its execution. The objection was outstanding, and the court announced that the point was "well taken." It does not appear that the claimant's counsel could have been in any way misled, for, whether the court was right or wrong in its observations, the claimant could not have had the benefit of the instru-

ment in evidence, under the circumstances, without proving its execution; and the court properly declined to admit it in evidence. The sustaining or overruling of the ground of the motion complaining of such ruling did not involve the exercise of discretion, since the ruling itself did not. The judge either erred or he did not err. If he properly refused to admit the evidence, no error was committed which could have contributed to the verdict, and the rule was then applicable that even a first new trial can not be granted where, under the law and the evidence, the verdict as rendered was the only lawful result. If the court, on the other hand, had erred in rejecting the evidence, the new trial was properly granted. There are instances where the judge may exercise a discretion even in sustaining or overruling a special ground of a motion for a new trial, as when exceptions are taken to some ruling which itself was discretionary. For instance, where a judge overrules a motion for a continuance, which is usually addressed to judicial discretion, he may, on exceptions thereto in a motion for a new trial, review his discretion, reverse his position, and grant the new trial on that ground. *Bagley* v. *Shumate,* 128 *Ga.* 78 (57 S. E. 99). But the case now under consideration presents a pure question of law as to whether the court erred in excluding the conditional sale. If he had admitted it under the circumstances, and a verdict had been rendered in favor of the claimant, he would have been bound to grant the plaintiff a new trial. A refusal to do so would have been reversible. It follows that he was right, as a matter of law, in rejecting the evidence, and had no error to correct on the hearing of the motion. The evidence as adduced having demanded the verdict, and no error of law whatever having been committed, the new trial should have been refused.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1925