25297. EVANS MOTORS OF GEORGIA INC. *v.* HEARN.

JENKINS, P. J. The act of August 27, 1931 (Ga. L. 1931, p. 153; Code of 1933, §§ 67-109, 67-1305), providing that the effect of a failure to record a mortgage or bill of sale or deed to secure debt "shall be the same as is the effect of failure to record a deed of bargain and sale," so changes the prior law with reference to those securities as to render such instruments, even though unrecorded, superior in rank to subsequent liens created by law. However, the act does not expressly or impliedly change the prior law with regard to contracts of conditional sale. The Code of 1933, §§ 67-1401 to 67-1403, inclusive, contains, without any substantial change, the provisions of the Code of 1910, §§ 3318 and 3319, and earlier Codes, relative to such contracts. Therefore the settled rule of priority in favor of a holder of a lien created by law, which prevailed under prior statutes, will still control in a contest between such a lienholder and a vendor in an unrecorded contract of conditional sale. The superior court correctly so decided, in refusing to sanction the petition of a conditional-sale vendor for a certiorari from the judgment of a justice's court in favor of a landlord who had foreclosed his general lien by a distress warrant. See *Harp v. Patapsco Guano Co.*, 99 *Ga.* 752 (27 S. E. 181); *Steen v. Harris*, 81 *Ga.* 681, 683 (8 S. E. 206); *Farmers Bank v. Avery*, 145 *Ga.* 449 (89 S. E. 409); *Phillips & Crew Co. v. Drake*, 13 *Ga. App.* 764 (79 S. E. 952); *American Law Book Co. v. Brunswick Crosstie Co.*, 12 *Ga. App.* 259 (77 S. E. 104), and cit.
*Judgment affirmed. Stephens and Sutton, JJ., concur.*
DECIDED JULY 7, 1936.

*R. C. Jenkins, Woodruff & Ward,* for plaintiff in error.
*M. F. Adams,* contra.
*Carter, Carter & Johnson,* as amici curiæ.