38494. LEWIS *et al.* v. JACKSON *et al.*

DECIDED OCTOBER 13, 1960.

574

*Grover C. Willis, Jr.,* for plaintiffs in error.

*Ernest C. Britton,* contra.

FELTON, Chief Judge. *Code Ann.* § 67-108 provides in part: "If a mortgage shall be executed on personalty not within the limits of this State, and such property shall afterwards be brought within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in. . ." This rule covers conditional sales. *Code Ann.* § 67-1402. The conditional-sale contract under

which the automobile was sold to Johnny Johnson by the plaintiff, a copy of which is attached to the petition, shows that it was not recorded in Georgia within six months of the time it is alleged that Johnson brought the automobile into Georgia and that it was not recorded in Georgia at all. It was sold in Georgia to a resident of Georgia. Under these circumstances the reservation of title by the plaintiff was invalid in Georgia (*Jones v. Andrews*, 89 Ga. App. 734, 81 S. E. 2d 304) at the time of the sale by the defendants and their principal, and the sale was valid as between the seller and purchaser. Failure to properly record such an instrument renders the reservation of title in the original seller under the conditional-sale contract invalid as to third parties. *Home Finance Co. v. United Motor Sales*, 93 Ga. App. 690, 691 (92 S. E. 2d 718); *Penland v. Cathey*, 110 Ga. 431 (35 S. E. 659); *Farmers Bank of Doerun v. Avery & Co.*, 145 Ga. 449 (89 S. E. 409); *Smith Motor Car Co. v. Universal Credit Co.*, 176 Ga. 565 (168 S. E. 18). The burden of the defendants in error's argument is that the failure to record renders the reservation of title in the plaintiff invalid only as to liens subsequently created bona fide against the property by the buyer, and they cite *Allen v. Dickey*, 54 Ga. App. 451 (188 S. E. 273). The ruling in that case did not involve an innocent purchaser and the court did not intend to confine the law to lienholders. Third persons include innocent purchasers as well as lienholders. *Smith Motor Car Co. v. Universal Credit Co.*, supra. The petition does not allege that the Johnson Motor Co. or the auctioneers had actual knowledge of the plaintiff's conditional-sale contract. It therefore follows that the sale in Georgia was legal under the law of this State and that under no theory of wrong-doing shown by the petition could the defendant auctioneers be liable in tort, or in the alternative, for money had and received, since in this case the only basis of an action for money had and received would be a tort and a waiver of the tort in favor of an action for money had and received. The facts in this case are suspicious but legal whether the principal for whom the auctioneers were acting was disclosed or not. It may be observed, however, that after Johnny Johnson bought the automobile he paid six monthly instalments on it *after* it had been sold

in Georgia. The plaintiff contented itself with the receipt of the payments and did not check on who had possession of the automobile or where it was. This observation may serve to prevent such future occurrences.

The court erred in overruling the defendants' motion to dismiss in the nature of a general demurrer.

*Judgment reversed. Nichols and Bell, JJ., concur.*