39334.  SOUTHEASTERN EQUIPMENT COMPANY, INC. v. PEOPLES INSURANCE & FINANCE COMPANY, INC.

HALL, Judge. 1. The effect of failure to record a bill of sale to secure debt is the same as the failure to record a deed of bargain and sale. *Code* § 67-1305.

2. Where a bill of sale to secure debt, executed outside the State, is not recorded in Georgia within the time provided by *Code* § 67-108, the purported conveyance of title is invalid in Georgia as to parties other than the grantor and grantee. *Lewis v. Jackson,* 102 Ga. App. 573, 575 (117 SE2d 209).

3. A bill of sale executed out of this State, probated before a notary public, is not entitled to record in Georgia where the seal of the notary is not attached and where the official character of the notary is not certified by a clerk of the court of record in the county or city of the residence of the notary. *Code* §§ 29-409, 67-106.

4. Where such a bill of sale has not been attested or probated as the law requires, it is inadmissible in evidence even

when placed on the record by the clerk of the court. *Livingston v. Hudson*, 85 Ga. 835, 838 (12 SE 17); *Allgood v. State*, 87 Ga. 668, 672 (13 SE 569); *Gray Lumber Co. v. Harris*, 127 Ga. 693 (56 SE 252); *Jones Motor Co. v. Finch Motor Co.*, 34 Ga. App. 399, 402 (129 SE 915).

5. It was therefore error for the court, trying without a jury, the issue between the plaintiff in execution under a mechanic's lien foreclosure and the claimant asserting title under a bill of sale to secure debt, which was executed outside this State, and was not probated by the grantor before a notary public whose seal was attached or whose official character was certified by a clerk of a court of record in the county or city of the notary's residence, to admit a copy of the bill of sale to secure debt in evidence.

The court erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*

DECIDED MARCH 12, 1962.

*Louis Saul, B. H. Barton,* for plaintiff in error.
*R. H. Jones,* contra.