40607, 40608.   MACK TRUCKS, INC., et al. v. RYDER TRUCK RENTAL, INC.; and vice versa.

DECIDED JULY 8, 1964.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for plaintiffs in error.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* contra.

BELL, Presiding Judge. ■ The principle of law governing this case is found in the early case of *Burke v. Anderson,* 40 Ga. 535, 538 (1), and, as well, in *Code* § 67-1403, as amended by Ga. L. 1957, p. 167. Here, as in *Burke,* there was failure on the part of the attaching creditor (Ryder here) to carry the burden

of showing that it was a bona fide purchaser. The evidence reveals no more than that Grumbach was, through some unidentified transaction, indebted to Ryder; that Ryder had found the property in Grumbach's possession, thought it to be owned by him, and levied upon it under a writ of attachment. This was not enough, for as suggested in *Burke,* Ryder ran into the pre-existing equities of Mack under a conditional sale contract which it held from Grumbach on the truck-tractor. When Ryder secured its judgment in the attachment proceeding it had only a lien created by operation of law which affixed itself only to Grumbach's interest in the truck-tractor. Ryder could reach no more than Grumbach's interest, and could not divest Mack of its equitable interest or title held for security purposes.

Support for this result is to be found in *Hubbard v. Andrews & Co.,* 76 Ga. 177; *Peterson v. Kaigler & Walker,* 78 Ga. 464 (3 SE 655); *Steen & Marshall v. Harris,* 81 Ga. 681 (1) (8 SE 206); *Phillips & Co. v. Roquemore,* 96 Ga. 719 (23 SE 855); *Davis v. Banks,* 142 Ga. 93 (2) (82 SE 497); *Massachusetts Mut. Life Ins. Co. v. Hirsch,* 184 Ga. 636 (192 SE 435); *Mackler v. Lahman,* 196 Ga. 535 (27 SE2d 35); *Parker v. Boyd,* 208 Ga. 829, 830 (1a) (69 SE2d 760); *Tremere v. Barfield,* 12 Ga. App. 774 (78 SE 729); *Kaplan v. Collier,* 16 Ga. App. 620 (85 SE 946); *C.I.T. Corp. v. Coleman,* 54 Ga. App. 576 (188 SE 585); *Morris Plan Bank v. Ginn,* 56 Ga. App. 681 (193 SE 783); *Cairo Banking Co. v. Citizens Bank,* 63 Ga. App. 690 (11 SE2d 806); *Manchester Motors v. Farmers &c. Bank,* 91 Ga. App. 811 (87 SE2d 342); and *Central Bank &c. Co. v. Creede,* 103 Ga. App. 203 (118 SE2d 844).

It is to be recognized that there are many cases in which contrary holdings, rulings, statements and intimations are to be found, but there is an explanation, as to all of them, why a different ruling must be made here.

For example, it is pointed out in *Burke v. Anderson,* 40 Ga. 535, supra, decided in 1869, that § 1947 of the Code of 1861 required that mortgages be recorded within a prescribed time and in a particular manner, failing which the lien of the mortgage must yield to liens created by operation of law, bona fide purchasers and junior mortgages if they were properly recorded.

Thus the court was bound by the statutory provision to find that contrary to the general principle announced in the first division of the opinion, and which we utilize here, if the mortgage had not been properly recorded a junior judgment would have preference.

Other cases, relying upon the statutory provision requiring recording of chattel mortgages and holding that, absent the proper recordation, a junior lien created by operation of law would prevail are: *Shepherd v. Burkhalter*, 13 Ga. 443 (58 AD 523) (1853); *Smith v. Jordan*, 25 Ga. 687 (1852); *Andrews v. Mathews*, 59 Ga. 466 (1887); *Richards & Bro. v. Meyers*, 63 Ga. 762 (1879); *Hubbard v. Andrews & Co.*, 76 Ga. 177 (1885); *Benson v. Green*, 80 Ga. 230 (4 SE 851) (1887); *New England Mortgage Sec. Co. v. Ober & Sons Co.*, 84 Ga. 294 (10 SE 625) (1889); *Cambridge Tile Co. v. Scaife*, 137 Ga. 281 (2) (73 SE 492) (1911); *Reynolds v. Tifton Guano Co.*, 20 Ga. App. 49 (92 SE 389) (1917); *Rowe v. Hancock*, 29 Ga. App. 261 (114 SE 911) (1922); *Hosch v. Smith*, 31 Ga. App. 91 (119 SE 667) (1923); and *Bank of America &c. Assn. v. Reserve Life Ins. Co.*, 90 Ga. App. 332 (8) (83 SE2d 66) (1954). All of these cases, save the last, were decided prior to the Act of 1931 (Ga. L. 1931, p. 153), now found in *Code* § 67-109,[1] providing that "The effect of failure to record a mortgage shall be the same as is the effect of failure to record a deed of bargain and sale." The effect of failure to record a deed of bargain and sale, provided in *Code* § 29-401,[2] is that it "loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." It does not lose priority to a junior judgment or other lien created by operation of law, for the holder of such lien is not a bona fide purchaser. *Lowe v. Allen*, 68 Ga. 225.

---

[1]Provisions of *Code Ch.* 67-1, where conflicting, must yield to those of the UCC. Cf. *Code Ann.* §§ 109A-9—103, 109A-9—108, 109A-9—110, 109A-9—112, 109A-9—202, 109A-9—204, 109A-9—301, 109A-9—302, 109A-9—303, 109A-9—310, 109A-9—312, 109A-9—401, 109A-9—402, 109A-9—403. Transactions occurring after December 31, 1963, are governed by the applicable provisions of UCC.

[2]See Footnote 1.

The principle of *Code* § 67-109[3] was not taken into account in *Bank of America*, which, of course, must yield to the Code.

As to conditional sale contracts this court held that the Act of 1931, not expressly having mentioned them therein, had no application. It applied only to mortgages and bills of sale to secure debt. *Evans Motors of Ga. v. Hearn*, 53 Ga. App. 703 (186 SE 751). Consequently, there are many cases holding that an unrecorded conditional sale or retention of title contract is inferior to a junior judgment or lien created by operation of law. *Cohen & Co. v. Candler*, 79 Ga. 427 (7 SE 160) (1887); *Gartrell v. Clay*, 81 Ga. 327 (7 SE 161) (1887); *Green v. Franklin*, 86 Ga. 360 (12 SE 585) (1890); *Rhode Island Locomotive Works v. Empire Lumber Co.*, 91 Ga. 639 (17 SE 1012) (1893); *Derrick v. Pierce*, 94 Ga. 466 (19 SE 246) (1893); *Harp v. Patapsco Guano Co.*, 99 Ga. 752 (27 SE 181) (1896); *Southern Iron &c. Co. v. Voyles*, 138 Ga. 258, 264 (75 SE 248, 41 LRA (NS) 375) (1912); *North v. Goebel*, 138 Ga. 739 (76 SE 46) (1912); *Pickard & Hogg v. Garrett*, 141 Ga. 831 (3) (82 SE 251) (1914); *Farmers Bank of Doerun v. Avery & Co.*, 145 Ga. 449 (89 SE 409) (1916); *Smith Motor Car Co. v. Universal Credit Co.*, 176 Ga. 565 (168 SE 18) (1953); *Reisman v. Wester*, 10 Ga. App. 96 (72 SE 942) (1911); *Shaw v. Renfroe*, 11 Ga. App. 807, 808 (76 SE 363) (1912); *Phillips & Crew Co. v. Drake*, 13 Ga. App. 764 (79 SE 952) (1913); *Bradley & Co. v. Cochran*, 27 Ga. App. 463 (108 SE 624) (1921); *Butler v. LaGrange Grocery Co.*, 29 Ga. App. 612 (116 SE 213) (1923); *Jones Motor Co. v. Finch Motor Co.*, 34 Ga. App. 399 (129 SE 915) (1925); *Saunders v. Citizens First Nat. Bank*, 38 Ga. App. 141 (142 SE 744) (1928); *Evans Motors of Ga. v. Hearn*, 53 Ga. App. 703,

---

[3]See Footnote 1. Under *Code Ann.* § 109A-9—301 (3) an unperfected security interest is subordinate to the rights of lien creditors who acquire their liens without knowledge of the prior security interest and before it is perfected, and this operates in favor of a creditor who has acquired his lien on the property involved by attachment, levy or the like. This comment is applicable in the same manner to *Code* § 67-1403, as amended by the Act of 1957, and to *Code* § 67-1305 if the transaction is one covered by the UCC.

supra (1936); *Rhodes v. Jones,* 55 Ga. App. 803 (191 SE 503) (1937); *Bank of Ringgold v. West Pub. Co.,* 61 Ga. App. 426 (6 SE2d 598) (1939); *Buchanan v. Georgia Accep. Corp.,* 61 Ga. App. 476 (6 SE2d 162) (1939); *Parham v. Heath,* 90 Ga. App. 26 (2) (81 SE2d 848) (1954); *Refrigeration-Appliances, Inc. v. Atlanta Provision Co.,* 90 Ga. App. 821 (84 SE2d 602) (1954); *Parham v. Heath,* 92 Ga. App. 645 (1) (89 SE2d 528) (1955); and *Home Finance Co. v. United Motor Sales,* 93 Ga. App. 690 (92 SE2d 718) (1956). These all antedate the Act of 1957 (Ga. L. 1957, p. 167) amending *Code* § 67-1403[4] to provide that effect of a failure to record a conditional sale contract should be the same as failure to record a deed of bargain and sale.

There are to be found also cases holding that an unrecorded deed to secure debt is inferior to a junior judgment or lien created by operation of law; for example, *Coley v. Altamaha Fertilizer Co.,* 147 Ga. 150 (93 SE 90) (1917); *Saunders v. Citizens First Nat. Bank,* 165 Ga. 558, 566 (142 SE 127) (1927), but these antedate the Act of 1931, now found in *Code* § 67-1305,[5] giving the failure to record these the same effect as the failure to record a deed of bargain and sale.

And there are cases involving contests between an unrecorded conditional sale contract and a junior, but recorded mortgage or other security instrument, or between an unrecorded conditional sale contract and a *bona fide* purchaser. See, for example, *Cottrell v. Merchants' & Mechanics' Bank,* 89 Ga. 508 (15 SE 944) (1891); *Real Estate Bank &c. Co. v. Baldwin Locomotive Works,* 148 Ga. 821 (98 SE 486) (1919); *Continental Nat. Bank v. Short,* 101 Ga. App. 304 (113 SE2d 491) (1960), and many others. These, however, have no application here since Ryder, as we have pointed out, was not a bona fide purchaser or in the position of one. There are statements in these cases, however, to the effect that the unrecorded contract is "invalid as to third parties" and to that extent they may be misunderstood, for the contract is not invalid as to a third party who has merely acquired a lien by operation of law.

[4]See Footnote 1.
[5]See Footnote 1.

As is held in *Associates Discount Corp. v. Willard,* 99 Ga. App. 116 (108 SE2d 110) (1959), and *Dixon v. General Motors Accep. Corp.,* 105 Ga. App. 413 (124 SE2d 660) (1962), the effect of the Act of 1957 amending *Code* § 67-1403 was to so change the prior law with reference to conditional sale agreements as to render them, though unrecorded, superior in rank to subsequent liens arising by operation of law.

*Lewis v. Jackson,* 102 Ga. App. 573 (117 SE2d 209) (1960) and *Southeastern Equipment Co. v. Peoples Ins. &c. Co.,* 105 Ga. App. 539 (125 SE2d 114) (1962) did not take into account the Act of 1957, but relied upon cases that had been decided theretofore, and of course these must yield to the effect of the Act. They will not be followed.

The contract here, valid in Maryland where it was executed, is also valid in this State. *Hubbard v. Andrews & Co.,* 76 Ga. 177.[6]

In order to subject Grumbach's interest in the truck-tractor it was necessary that Ryder first redeem the property by paying off in full the balance owing under the conditional sale contract held by Mack Trucks, *Code* § 39-201; *Bank of LaGrange v. Rutland,* 27 Ga. App. 442 (108 SE 821); *Miller v. First Nat. Bank of Madison,* 35 Ga. App. 334 (132 SE 783); *Jones v. Andrews,* 89 Ga. App. 734 (81 SE2d 304); *Shumate v. McLendon,* 120 Ga. 396 (48 SE 10); *Smith v. Fourth Nat. Bank,* 145 Ga. 741 (89 SE 762), otherwise the levy of the attachment was void.[7]

■ The conditional sale agreement held by Mack was exe-

---

[6]Under the UCC (*Code Ann.* § 109A-9—103 (3)) "If personal property . . . is already subject to a security interest when it is brought into this State, the validity of the security interest in this State is to be determined by the law (including the conflict of laws rules) of the jurisdiction where the property was when the security interest attached. . . If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this State, the security interest continues perfected in this State for four months and also thereafter if within the four-month period it is perfected in this State."

[7]This rule is changed by the UCC, *Code Ann.* § 109A-9—311.

cuted in Maryland March 17, 1962. The truck-tractor was brought into Richmond County, Ga., August 12, and was levied on under the writ of attachment October 8. Judgment was obtained in the attachment proceeding November 28. On January 11, 1963, the agreement was probated to make it eligible for record[8] in Georgia, filed for record in Richmond County January 23, 1963, and was foreclosed in the manner of a mortgage February 19. All of this is conceded in the brief on behalf of Ryder.

The subsequent acknowledgment or probate of the instrument, executed in Maryland, to make it eligible for record in Georgia was permissible. *Hill v. Ludden &c. Music House*, 113 Ga. 320 (38 SE 752); *Burgsteiner v. Street-Overland Co.*, 30 Ga. App. 140, 142 (117 SE 268). This having been done and the filing for record (*Code* § 67-2501) having been accomplished within six months after the truck-tractor was brought into this State it became effective constructive notice from the beginning of the six months period, or from the time the vehicle was brought here. *Code* § 67-108; *Armitage-Herschell Co. v. Muscogee Real Estate Co.*, 119 Ga. 552 (46 SE 634); *Hampton v. Universal*

---

[8]The provisions of *Code Ann.* §§ 29-405 and 29-409 relating to the requirements for attestation and acknowledgment of security instruments have no application to transactions covered by Article 9 of the UCC, whether executed in or out of this State. *Code Ann.* § 109A-10—103.1. And the same is true relative to permissive recording provided for in *Code Ann.* § 29-413.

The instrument supporting the security interest may take the form of a pledge, assignment, chattel mortgage, bill of sale to secure debt, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien, conveyance of title, retention of title contract, lease or assignment. *Code Ann.* § 109A-9—102 (2). Generally the *financing statement* must be filed and this is sufficient "if it is signed by the debtor and the secured party" with their addresses and carries a statement of the types or describes the items of collateral. *Code Ann.* § 109A-9—402. As to where the filing must be done, see *Code Ann.* § 109A-9—401, and as to when the security interest attaches, see *Code Ann.* § 109A-9—204.

*Credit Co.*, 59 Ga. App. 568 (1 SE2d 753). It would thus appear that Mack is here protected not only against liens arising by operation of law, but, as well, against junior liens arising by contract, and against bona fide purchasers.

■ In its cross bill of exceptions Ryder objects to the trial court's denial of its motion to dismiss the motion for new trial. The complaint is founded on the contention that certain documentary evidence, including the conditional sale agreement and the pleadings in the attachment case, were not properly incorporated as a part of the approved brief of evidence. Assuming arguendo that the documents themselves are not properly before this court, this would not render the brief of evidence so deficient as to require reversal of the trial court's judgment in denying Ryder's motion to dismiss the motion for new trial, for the brief of evidence shows by the clear stipulation of counsel the existence of those documents and their relativity in point of time and effect. Ryder makes no objection to the validity of the conditional sale agreement. The pleadings in the attachment suit have absolutely no part to play in this decision for we are assuming the existence of the ultimate result which those pleadings sought, i.e., a judgment lien in Ryder's favor. It is that judgment lien which in Division 1 of the opinion we have held to be ineffectual to debase Mack's equitable interest in the truck-tractor which Mack secured through its conditional sale agreement.

*Judgment reversed on main bill of exceptions and a new trial is ordered; affirmed on cross bill. Jordan and Eberhardt, JJ., concur.*