## HOLMES *v.* LANGSTON & WOODSON.

The defendant in an attachment issued against him as an alleged fraudulent debtor under section 3297 *et seq.* of the code, without a hearing, may, under section 3299, apply for a removal of such attachment and contest the truth of the grounds upon which it was issued, without stating in his petition for such removal that the property upon which the attachment had been levied belonged to him.

November 2, 1896. Argued at the last term.

Attachment. Before Judge Beck. Monroe superior court. August term, 1895.

*Stone & Clark* and *R. D. Smith,* for plaintiff in error.
*Willingham & Smith* and *J. S. Boynton,* contra.

SIMMONS, Chief Justice.

Langston & Woodson sued out an attachment against Holmes as a "fraudulent debtor" under sections 3297-3300 of the code. The petition for the attachment alleged among other things that Holmes had sold property with a view to defrauding his creditors. The attachment was levied upon certain real and personal property as the property of Holmes, including property which it was alleged he had fraudulently sold. Afterwards Holmes filed his petition, under section 3299 of the code, for the removal and dismissal of the attachment. The cause coming on for hearing, Langston & Woodson moved to dismiss the petition, on the ground that it failed to disclose the fact that Holmes was the owner of the property levied on, and because Holmes could not be heard to dismiss the attachment without first alleging under oath therein that he was the owner of the property levied on. The court announced that the motion to dismiss would be sustained, unless movant would amend and allege that property of his had been attached. Movant declined to amend, and the motion to dismiss was sustained. To this ruling Holmes excepted.

We think the court erred in sustaining the motion to dismiss. The attachment proceeded upon the ground that the property attached was the property of the debtor; the right to attach depended upon its being his property; and in a contest between himself and the attaching creditor, it was not incumbent upon him to show that the property was his. If the property attached as his was not his property, the attaching creditor could not take advantage of that fact. Moreover, if the sales made by Holmes were honest and *bona fide* as he contended, he could not swear the property sold still belonged to him. In other words, according to the court's ruling, he could not contest the attachment without putting himself, upon his own theory, in a false position. In the case of *Falvey* v. *Adamson*, 73

*Ga.* 496, the defendant in attachment, in his motion to remove the process, disclaimed title to the property, and it was insisted on the part of the attaching creditor that the defendant could make no effort to remove the process unless "his property" had been attached, such being the language of the statute. But this court held that the objection was not good, and said that it came "with bad grace from the plaintiff, who is not in a situation to accept this disclaimer, without at the same time abandoning the pursuit of his rights to subject the property."

The judgment of the court below is therefore

*Reversed.*