## THOMPSON & SON *v.* WATERMAN & CO.

1. Where in a claim case the burden of proof is on the claimant, he must show title in himself, and this he cannot do by proving title in a third person.
2. Points presented in the record, but not argued in this court, will not be considered.
3. The question whether or not error was committed in admitting evidence is not properly made, unless it appears that the evidence was objected to when offered; and the nature of the objection or objections then made must also be set forth.
4. Alleged error in suppressing the answers to interrogatories on account of irregularities or defects in the execution thereof, cannot be considered when it does not appear what evidence the answers contained.
5. The evidence warranted the verdict, and there was no error in denying a new trial.

Argued January 25,—Decided March 22, 1897.

Attachment and claim. Before Judge Eve. City court of Richmond county. July term, 1896.

*Arnold & Arnold* and *E. B. Baxter*, for plaintiffs in error. *Fleming & Alexander*, contra.

COBB, Justice.

An attachment sued out by Waterman & Company against J. W. Snowden was levied upon certain mules which were claimed by Thompson & Son. There was a verdict finding the property subject; and claimants' motion for a new trial being overruled, they excepted.

1. Where a levy has been made upon personal property which is claimed by a third person, and it appears that at the time of the levy the defendant in attachment was in possession, the burden is upon the claimant to show title to the property. The possession of the defendant is presumptive evidence of title in him, and therefore makes out a prima facie case for the plaintiff in attachment. The burden being upon the claimant, he cannot carry this burden by showing that some other person than himself has the title, and that therefore the levy should not be allowed to proceed. He is allowed to come into court to assert his title, and if he has no title, it is a matter of no concern to him that some other person's property may be wrongfully seized or sold by the sheriff. *Robinson* v. *Schly*, 6 *Ga.* 515; *Moody* v. *Travis*, 76 *Ga.* 833(3).

2, 3. Where counsel argue their cases in this court by brief alone, if points presented in the record are not insisted on in the brief, this court will consider them as abandoned. Where complaint is made that evidence is admitted which ought to have been ruled out, it should appear in the record, not only that objection was made when it was admitted, but also what the objection was, and what was the ruling of the court on the objection. This court cannot correct the errors of the court below unless the record shows what are the errors complained of.

4. Where the error complained of in the motion for a new trial is that the court erred in suppressing the answers to certain interrogatories because the interrogatories had not been executed and returned in the manner prescribed by law, and the record here does not disclose what the answers contained, so that it can be determined whether the evidence thus suppressed was relevant or material, this court will not review the decision of the court below on the question of the alleged irregularities or defects in execution.

5. An examination of the record shows that there was

abundant evidence to sustain the verdict, and we find no error of law which requires the grant of a new trial.

*Judgment affirmed.   All the Justices concurring.*