### 1339.  MALONE & GRANT COMPANY *v.* HAMMOND.

1. The evidence demanded a verdict for the value of the personal property which had been wrongfully taken from the possession of the plaintiff by the agents of the defendants; and if any errors of law were committed by the trial court, they were for this reason immaterial and harmless. A righteous verdict under the facts should not be set aside because of trivial errors.

2. "A mortgage executed in another State on personalty subsequently brought into this State, but not recorded in the county where the property is brought, within the six months provided by the Civil Code, § 2726, is postponed to a purchase of the same property, made in good faith and without notice" of the mortgage; and this is true although the purchase was made before the expiration of the six months allowed by the statute for the record of the mortgage.

3. A partnership is liable as such, in a suit to recover damages for a trespass to personalty, where the trespass was committed by the agent of the partnership in its behalf and by authority of its members, or where his trespass was expressly or by implication ratified by the partnership.

4. The suit in this case, under the allegations of the petition, is one to recover damages for trespass on personal property, and, in form and substance, is an action ex delicto, and not ex contractu.

5. The special demurrer to the paragraphs of the petition claiming damages for lost time, expenses, and attorney's fees should have been sustained. The judgment refusing a new trial is affirmed, on condition that the plaintiff write off from the verdict and judgment these items of alleged damages; otherwise the judgment is reversed and a new trial ordered.

Attachment, from city court of Blakely—Judge Jordan. July 29, 1908.

Submitted November 11, 1908.—Decided May 4, 1909.

*Lee & Thompson, Pottle & Glessner,* for plaintiffs in error.

*Park & Collins,* contra.

HILL, C. J. Hammond sued out an attachment against the Malone & Grant Company, a partnership composed of George Malone and A. G. Grant, residents of the State of Alabama. The attachment was levied by summons of garnishment on D. S. Sheffield. The declaration in attachment makes in substance the following case: On September 2, 1907, the petitioner purchased from Henry Paul English one bay horse mule named Ed, the reasonable value of which on said date and on February 6, 1908, was $200. On February 6, 1908, this mule was "in the legal, lawful, rightful, and proper possession of the petitioner," and on that date the Malone & Grant Company, "without any authority whatsoever of law," and while petitioner was asleep at his home, sent an agent (whose name is unknown) to the petitioner's premises, who tore down petitioner's lot fence and seized and carried away the mule to Columbia, in the State of Alabama. Petitioner charges, that by these acts of the defendants through their agent, he was "illegally, unjustly, and wrongfully deprived of the possession of his mule," and that therefore the defendants have become indebted to him in

the sum of $200. Petitioner further charges defendants with having damaged him in the sum of $15, "in causing him to lose his time while it was necessary for him to be cultivating his crop, said time being three days and being worth $5 per day." The defendants "further endamaged petitioner as aforesaid by forcing him to make three trips to Blakely, at an expense of $1.50 each trip, and one trip to Columbia, Alabama, at an expense of $3;" and "by reason of the aforestated wrongful acts of defendants, he has been injured and damaged in the further sum of $50, for attorney's fees incurred in the bringing of this suit." This aggregate indebtedness of $300 the defendants have never paid, and refuse to pay, and petitioner prays for a judgment against the Malone & Grant Company, on the attachment, and against the garnishee, in the sum of $300, the summons of garnishment never having been answered, and also a general judgment against the Malone & Grant Company for this sum.

The Malone & Grant Company appeared, filed a demurrer, and made answer to the suit. The demurrer was general and special, and the petition was amended to meet the special demurrer in certain respects. The grounds of special demurrer point out alleged defects in the petition, as to which no amendments were offered, these defects being as follows: (1) From the second to the seventh paragraph of the declaration, both inclusive, the facts alleged do not support the plaintiff's claim that the defendants are indebted to him in the sum of $300, or $200, or in any other amount, and show that he is not entitled to maintain an action of assumpsit; that his remedy, if any, is an action ex delicto, and not ex contractu. (2) The plaintiff does not state in the eighth paragraph of his declaration "when, how, or in what manner the defendants caused him to lose his time, or why it was necessary for him to do so;" no facts are alleged in support of the bare assertion that his time was worth $1.50 per day, or that his lost time amounted to $15. "Plaintiff's 'lost time' is not an element of damage recoverable in this suit, considered as an action ex delicto, nor do the facts alleged support any implied promise made by the defendants to pay for his lost time in whole or in part." (3) The ninth paragraph of the petition is defective in that it does not disclose "why, when, or in what manner, or for what purpose the plaintiff was forced to make two trips to Blakely and one trip to

Columbia, Alabama;" nor is it stated when, how or in what manner the expenses of these alleged trips were incurred, nor is there shown a necessity of incurring said expenses, or that the same were reasonable, or that the defendants are chargeable with any part of the same; and said expenses are not recoverable, under the facts alleged in the declaration, as a legitimate element of damages, nor is any implied promise on the part of these defendants to pay such expenses alleged. (4) The tenth paragraph of the declaration is specially demurred to because the facts therein alleged do not warrant a recovery in any amount for attorney's fees. The demurrer was renewed to the petition as amended, and was overruled on each and every ground thereof, and the defendants filed exceptions pendente lite to this judgment. The answer of the defendants denied that the plaintiff was entitled to the possession of the mule, and denied the wrongful acts and conduct alleged in the petition in reference to the seizure of the mule. On the trial of the case the jury returned a verdict for the plaintiff, in the sum of $279.65. The defendants made a motion for a new trial, containing, besides the general grounds, twenty-four special assignments of error. The view this court takes of the merits of the case makes immaterial any of the errors specially complained of in the motion for a new trial, and we will consider only the grounds of demurrer which we deem meritorious, and will decide the case on the uncontroverted facts as they appear in the brief of evidence.

1, 2. The evidence, briefly stated, shows the following case: Plaintiff was the owner and in possession of the mule in controversy, which he had bought from Henry Paul English in Early county, this State, on September 2, 1907, paying therefor $150, and had placed the mule in his stable. English had previously bought this mule in Early county from one C. C. White, who had the mule in his possession at the time of the sale. On February 6, 1908, an agent or agents of the defendants, at night, entered the lot and stable of the plaintiff, tore down his lot fence, and seized and carried away his mule to the State of Alabama. After discovering the loss of the mule, the plaintiff traced it to Columbia, Alabama, and located it in the possession of the defendants, in their stable. The defendants attempted to justify the seizure, on the ground that they held a mortgage on the mule, executed by its

then owner, C. C. White, to whom they had sold the mule in Alabama, the mortgage being for the balance of the purchase-money; and claimed that, under the law of Alabama, they held an absolute title to the mule, under this mortgage, which was properly recorded in Alabama. They also set up that they held the mule under a valid claim of right and title, namely, that on or about February 6, 1908, said property was in the lawful custody of J. R. Baker, deputy sheriff of Houston county, Alabama, who had taken possession of the same for and in their behalf, and that they subsequently recovered possession of the property from Baker under an action of detinue, brought in the circuit court of Houston county, Alabama (a certified copy of the detinue proceedings and the judgment thereon being attached as an exhibit to this plea). A certified copy of the mortgage from C. C. White to the defendants was also attached as an exhibit to the plea. The evidence further shows that the mule had been delivered into the possession of J. R. Baker, deputy sheriff of Houston county, Alabama, by the agents of the defendants, after they had seized it in Georgia and had taken it from the stable of the plaintiff and carried it into the State of Alabama. These facts, which are not controverted, in our opinion demanded a verdict for the plaintiff, for the value of the mule when wrongfully seized and taken from his possession by the agent or agents of the defendants.

The voluminous assignments of error merely tend to obscure the simplicity of the real issue in this case; and if the ingenuity of learned counsel has discovered any error of law committed by the court in the trial, such error, in view of the facts, is immaterial and in no wise tends to invalidate the verdict on the essential facts and the law applicable thereto. The defense made was wholly insufficient to justify the unlawful, forcible, and wrongful seizure of the mule by the agents of the defendants while in the possession of the plaintiff. This seizure, under the facts and the law, simply amounts to trespass on personalty. Conceding that the defendants held a mortgage on the mule, executed by one C. C. White, who, at the date of the mortgage, was the owner thereof, and that under the law of Alabama this mortgage placed in them the legal title to the mule, yet after this mortgage was executed in Alabama the mule was brought into the State of Georgia and here sold to English, who subsequently sold it to the plaintiff. There is no pre-

tense that this mortgage was recorded in the county of Early, to which the mule was brought by White, and where the plaintiff bought it. "A mortgage executed in another State on personalty subsequently brought into this State, but not recorded in the county where the property is brought, within the six months provided by the Civil Code, §2726, is postponed to a purchase of the same property made in good faith and without notice" of the mortgage. *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* 119 *Ga.* 552 (46 S. E. 634). It is not pretended that the plaintiff, when he purchased the mule, had any notice whatever of the mortgage held by the defendants, or that his purchase was not made in absolute good faith. His title to the mule was therefore good, under the law of this State, as against any title which defendants had to the mule under the law of Alabama. The defendants not having recorded their mortgage within the six months, as provided by our code section, supra, and the plaintiff having bought the mule in good faith in the State of Georgia from one who had possession of it and who claimed title thereto, the plaintiff must be protected as an innocent purchaser without notice.

Of course, the proceedings in detinue, instituted in Alabama, after the mule had been wrongfully taken from the possession of the plaintiff in Georgia, and taken by the defendants' agent to Alabama and there delivered to the deputy sheriff, and any judgment in favor of the defendants, rendered by the court in such proceedings, could not affect the right of the plaintiff in this case, as he was not a party to such proceedings. These proceedings seem merely to have been instituted for the purpose of giving some legal coloring to the wholly illegal and wrongful possession of the mule by the defendants. We conclude by stating that we are clear that the plaintiff was entitled to a verdict for $200, which was the proven value of the mule when wrongfully seized and taken out of his possession by the defendants through their agents.

3. It is also earnestly insisted by learned counsel that the wrongful conduct complained of was not that of the firm of Grant & Malone, but only of a member of the firm, and that the partnership is not responsible for this tort of a member of the firm; and in support of this position they cite §2658 of the Civil Code. We do not think this section applicable to the facts of this case. Here

the undisputed evidence is that the mule was seized and wrongfully taken from the possession of the plaintiff by the agent of the partnership; and under the terms of the section of the code just cited, a partnership is responsible for torts of its agents or servants under like rules as individuals. Here the defendants as a firm claim title to the mule, under their mortgage. The mule, after having been seized by the agents of the firm, was, by those agents, delivered into the possession of the firm, and was found in the stable of the firm by the plaintiff. In other words, everything that was done in reference to the mule in question, and the trespass to the personal property of the plaintiff, under the evidence, was committed in furtherance of the firm's interest, and under the direct authority of its members, and the case on the facts falls squarely within the terms of the decisions of the Supreme Court of this State in the cases of *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144) ; *Martin* v. *Simkins Co.,* 116 *Ga.* 256 (42 S. E. 483) ; *Hendricks* v. *Middlebrooks,* 118 *Ga.* 136 (44 S. E. 835).

4. It is insisted by counsel for plaintiffs in error that this suit, under the allegations of the petition, was in assumpsit; and that as there was no allegation that the mule had been sold or otherwise disposed of by the defendants, the plaintiff could not recover the value of the mule as for money had and received to his use; that to entitle him to recover the value of the mule, he would be required to institute a suit in tort. We do not agree with this view. In our opinion the suit, both in form and in substance, is one sounding in tort, and is not an action ex contractu. Strictly speaking, the allegations make it an action for trespass on personal property, other than the statutory remedy of trover. Civil Code, §3885. See opinion on rehearing in *Southern Ex. Co.* v. *Pope,* 5 *Ga. App.* 696 (63 S. E. 809).

5. We think, however, that the special demurrers directed to paragraphs 8, 9, and 10 of the petition should have been sustained by the court. The allegations of these paragraphs are not sufficient upon which to base a recovery for the items of damages therein set out, to wit, lost time and expenses incurred in going to Blakely and Columbia, and attorney's fees in bringing this suit. It is not necessary now to decide whether under any allegations these items would be recoverable under the law, but we are certain

that the allegations as made are insufficient for the purpose. We therefore hold that the judgment refusing a new trial will be reversed, unless the plaintiff will write off from his verdict and judgment, within ten days from the date of the filing of the remittitur, the amount of the verdict and judgment embracing these items of cost, expenses, and attorney's fees, and reduce the amount of the verdict and judgment in his favor to $200, the proven value of the mule when taken from his possession on February 6, 1908, with interest on this amount at seven per cent. per annum from that date. If these amounts are written off in pursuance of this opinion, the judgment refusing a new trial will stand affirmed.          *Judgment affirmed, on condition.*