## SMITH *v.* FOURTH NATIONAL BANK.

1. As a general rule a defendant in attachment, where the attachment is not resorted to in order to obtain jurisdiction of a non-resident defendant, can not maintain a motion to quash the writ for lack of interest in the property levied on. But a defendant against whom an attachment has issued as a fraudulent debtor, without notice, may (under the Civil Code (1910), § 5091) contest the writ or the grounds upon which it was issued.

2. An attachment against an alleged fraudulent debtor can not be levied on land encumbered with a security deed to a third person, without first redeeming the property, where the bona fides of the existing encumbrance is not questioned.

AUGUST 21, 1916. REHEARING DENIED SEPTEMBER 14, 1916.

Attachment. Before Judge Mathews. Bibb superior court. June 7, 1915.

*Feagin & Hancock,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston,* contra.

EVANS, P. J. The Fourth National Bank sued out an attachment against C. F. Smith as a fraudulent debtor, on the ground that he "is selling or conveying or concealing his property liable for the payment of his debts, in that he is trying to dispose of said property to avoid the payment of the same, and is threatening and preparing so to do." The attachment was issued without a hearing, and was levied upon a certain tract of land as belonging to the alleged fraudulent debtor. The entry of levy recited that the

defendant was in possession of the property, and that written notice had been given to him of the levy and seizure of the property. A declaration was filed, and notice thereof was served on the defendant in attachment. The bill of exceptions recites that at the trial term the defendant filed a motion to dismiss the attachment, on the ground that the levy was null and void, in that there was outstanding, at the time of the levy, a deed to secure debt in favor of Mrs. Ashton Starke, for the sum of $2,000, which debt had not been paid at the time of the levy; and further, that the defendant had since conveyed the property, and that he had no title to the property at the time of the levy. The bank moved to strike the motion to dismiss, on the ground that the levy was not invalid for any of these reasons. The court sustained this latter motion, and refused to dismiss the levy. The case was then left in default, and the court rendered judgment in favor of the plaintiff against the defendant generally, and specially against the property levied on. This judgment is assigned as error, for want of valid levy.

In his motion to dismiss the attachment the defendant set up that the property attached was subject to a deed made by him to secure debt to Mrs. Ashton Starke, for $2,000, executed and recorded more than three years prior to the levy, which debt had not been paid; and at the time of the issuance of the attachment the property had been conveyed by warranty deed to Mrs. Roper, and that he had no interest in any part of the property. As the court struck this motion as stating insufficient grounds for quashing the levy, the facts as alleged must be taken to be true in deciding on the correctness of the court's ruling.

1. One ground of the motion to dismiss the attachment is that the defendant had sold his equity of redemption to Mrs. Roper. The pleadings do not disclose when he made this conveyance, nor does it affirmatively appear in the petition for attachment that this is the transaction complained of therein. The general rule on the subject of the lack of interest of the defendant in the attached property has been thus stated: "As a defendant in attachment can not ordinarily be injured by the seizure, under the writ, of property which he does not own, the courts have, as a general rule, considered the fact that defendant in attachment has no interest in the property levied on insufficient to warrant a vacation of the attachment. But where attachment was resorted to in order to

obtain jurisdiction, a non-resident defendant has been allowed to show his lack of interest in the property attached, for the purpose of ousting the court of jurisdiction." 6 C. J. 430. Where the transaction complained of in the petition is a conveyance of the debtor's property, alleged to have been made to defraud his creditors, he could not urge, as a ground for quashing the levy, that he had conveyed the property. Otherwise he could head off the attaching creditor from pursuing his property in the hands of a fraudulent transferee. But where an attachment has issued against one alleged to be a fraudulent debtor, ex parte and without notice to the defendant, he may, under § 5091 of the Code of 1910, contest the writ or the grounds upon which it issued. *Holmes* v. *Langston,* 99 *Ga.* 555 (27 S. E. 155).

2. This brings us to the next question, which is, whether a debtor who has conveyed land to secure a debt has such an interest therein as is subject to levy under an attachment against him as a fraudulent debtor. It will be observed that in the application for attachment no attack is made upon the bona fides of the security deed to Mrs. Starke. It was in existence and had been on record for more than three years prior to the issuance of the attachment. According to the allegations of the defendant's motion, the debt was due and unpaid. So we have not the case of an attaching creditor levying upon property alleged to have been fraudulently encumbered, but the naked legal question as to whether an attachment can be levied upon an equity of redemption without first paying or tendering to the encumbrancer the amount due upon the deed to secure debt. Prior to the passage of the act of 1894, a vendee of land holding under a bond for title, with a portion of the purchase-money paid, had an interest in the land which was subject to levy and sale. Since that act, which is incorporated in the Civil Code (1910), §§ 6037-6039, the holder of a bond for title has no leviable interest in the land, without reference to whether any portion of the purchase-money has been paid, and until he becomes invested with the legal title such interest is not subject to levy and sale. These code sections are applicable to security deeds; and this court has ruled that "a security deed conveys the absolute title, and leaves the grantor no interest in the land which can be subjected to levy and sale by a creditor whose judgment was obtained after the deed was executed. Before such a levy and sale can be made

there must be a redemption of the property. Redemption can be accomplished only by payment of the secured debt in full." *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10). The writ of attachment is a legal writ, and can be levied only upon the property of the defendant in attachment. If an ordinary writ of fieri facias can not be levied upon land encumbered by a security deed, without redemption, likewise an attachment against a fraudulent debtor can not be levied on the interest of the grantor in such deed. The writ in this case was not directed against any specific property of the defendant, and, so far as the record shows, was granted ex parte. Under such circumstances the defendant had a right to move to quash the writ of attachment on the ground that his interest in the land was not leviable; and the court erred in refusing to dismiss the levy on that ground. The law declares that the debtor has no leviable interest in the land. Purchasers at a sale based on the attachment judgment would be invited to bid at a sale declared by the law to be illegal. Certainly a debtor would have the right to say to his creditor who is seeking attachment against him, at the first opportunity legally presented, that he is entitled to the protection of law, and that his property should not be sacrificed by an illegal sale. The statute does not declare that a defendant's equity of redemption is exempted from levy and sale, but that the pursuing creditor must comply with the antecedent statutory requirements of a valid levy.

There was personal service of the declaration. Therefore the general judgment of the plaintiff will not be affected. The statute provides that no traverse or other proceeding in attachment shall delay judgment on the declaration, where personal service has been perfected, but judgment may be had thereon, subject to the rules of common law, as well before the trial of the issue made on the attachment proceedings as afterwards. Civil Code (1910), § 5107; *Daniel* v. *Hochstadter,* 73 *Ga.* 144 (2).

So much of the judgment as provides for a special lien upon the land is *reversed.* The general judgment is *affirmed. All the Justices concur.*

LUMPKIN, J., concurring specially. I concur in a part of what is said, but I can not concur in all of it. The idea that a debtor can occupy land, use it, receive rents, issues, and profits from it, and yet, when an execution against him is levied on it, can set up

that it is not subject to levy because there is a paramount outstanding title to it, is, in my opinion, wrong. Suppose that he is a mere squatter, with no legal title, but in possession, use, and enjoyment of land. If a creditor should levy on it as his, would it lie in his mouth to attack the levy on the ground that he was a squatter, without title or interest, and thus keep the land and yet render it free from being subject to his debts? This court has said that one who makes a deed to secure a debt, takes a bond to reconvey, and remains in possession of the land, may be treated as the owner as to all the world except the holder of the security deed. *Ashley* v. *Cook*, 109 *Ga.* 653, 657 (35 S. E. 89). He may bring ejectment, may sue for trespass, may convey (subject, of course, to the rights of the secured creditor), and has an inheritable estate. How does it lie in his mouth to set up that there is a superior title to his, in order to prevent paying his debts? The rights of the secured creditor can not be divested except as provided by law. But that is an entirely different thing from allowing the debtor to set up such security deed to prevent a levy by his creditor. If the property is valuable, the amount secured considerable, and the debt small, the creditor would have to advance a sum out of all proportion to his claim in order to enforce it—not as against the holder of the security deed, but as against the debtor. I think that section 6038 of the Civil Code (1910) was intended to aid creditors by providing a way by which a creditor "may" redeem from the holder of the security deed and subject the entire title; and that it was not intended to be exclusive so far as the debtor is concerned, or to allow a debtor to set up outstanding title to the detriment of creditors.

Decisions that, under the section mentioned, the debtor has no leviable interest (where the point was made by third parties) do not conclude the point mentioned above.