## 12154.   BANK OF LaGRANGE v. RUTLAND.

1. The words, "goods, wares, and merchandise," as used in the "bulk-sales act" (Civil Code of 1910, §§ 3226 et seq.), are not to be taken in such a restricted sense as to exclude the usual and customary fixtures or accessories used in connection with the business to which they are appropriate, whenever their transfer is included in an absolute sale in bulk, out of the usual course of the business or trade, of the entire, or substantially the entire, stock. *Parham* v. *Potts-Thompson Co.*, 127 *Ga.* 303 (7) (56 S. E. 560); *Cooney* v. *Sweat*, 133 *Ga.* 511, 513 (66 S. E. 257, 25 L. R. A. (N. S.) 758); *Virginia-Carolina Chemical Co.* v. *Bouchelle*, 12 *Ga. App.* 661 (1), 662 (78 S. E. 51).

2. The bulk-sales law, being in derogation of the common law, must be strictly construed, and a bill of sale made to secure a debt is not such a transfer as comes within the purview of the act. *Wright* v. *Cline*, 27 *Ga. App.* 129 (107 S. E. 593); *Avery* v. *Carter*, 18 *Ga. App.* 527 (89 S. E. 1051). However, the provisions of the law apply to a sale of a stock of goods in bulk by a debtor to a creditor, in total or partial extinguishment of his debt secured by a bill of sale, and such a sale made in disregard of this act is fraudulent and void as against other creditors of the common debtor. *Sampson* v. *Brandon Grocery Co.*, 127 *Ga.* 454 (56 S. E. 488, 9 Ann. Cas. 331).

3. In order for a creditor to levy an execution upon property covered by a valid bill of sale made to secure a debt, the creditor must first redeem the property by paying off in full the security debt, and a levy made without a compliance with such condition precedent is void. Civil Code (1910), §§ 6038, 3306; *Smith* v. *Fourth Nat. Bank*, 145 *Ga.* 741 (2), 743 (89 S. E. 762); *Shumate* v. *McLendon*, 120 *Ga.* 396 (4, 5, 6) (48 S. E. 10); *Virginia-Carolina Chemical Co.* v. *Williams*, 146 *Ga.* 482 (91 S. E. 543).

4. Thus, where the owner of a stock of goods, without complying with the provisions of the bulk-sales law, has sought to make an absolute transfer of the goods to the holder of a security bill of sale and for a consideration consisting in part of the extinguishment of the security bill of sale, but where the security bill of sale remains uncanceled of record, another creditor of the seller is not permitted to levy upon the goods in the hands of the transferee, without first discharging the amount due on the valid security bill of sale. Whatever might be the rights of the parties to the attempted transfer in treating it as binding between themselves (see *McDowell* v. *McMurria*, 107 *Ga.* 812, 816, 33 S. E. 709, 73 Am. St. Rep. 155, and note to the case of Escalle *v.* Mark, 5 A. L. R. 1517), an attachment creditor, as the moving party, having treated the sale as void as to himself, cannot at the same time be heard to insist upon its validity as between the parties thereto. Under the statute, the rights of such a creditor are to be taken precisely as if the attempted transfer had not been made. By virtue of the act he is simply restored to what rights he would otherwise have lost. It is not intended to improve his condition by giving him superior rights. Such an attempted sale is merely a legal fraud (*Jaques & Tinsley Co.* v. *Carstarphen Co.*, 131 *Ga.* 1, 16, 62 S. E. 82); and it is not the pur-

pose of the statute to impose punitive forfeitures of pre-existing valid liens in favor of other creditors. See *Flash v. Wilkerson,* 20 Fed. 257.

DECIDED OCTOBER 7, 1921.

Levy and claim; from Troup superior court — Judge Terrell. December 31, 1920.

*E. T. Moon,* for plaintiff in error. *L. B. Wyatt,* contra.

JENKINS, P. J. Rutland sued out a fraudulent debtor's attachment, alleging that the debtor had transferred his stock and fixtures to the Bank of LaGrange without first giving the notice to creditors required by the "bulk-sale act." After the levy the transferee filed a claim. From the evidence in the claim case it appeared that the stock and fixtures transferred consisted of meat-market fixtures and some meat, which constituted " the entire meat market, including all fixtures and stock on hand." It was admitted by the claimant that while the transfer was made in an attempted settlement and payment of a previous security bill of sale, only $225 was due on this bill of sale at the time of the transfer. On the trial and in argument to this court the transferee did not seek to defend the legality of the transfer, but based its claim upon a right of title under its original bill of sale, executed by the debtor to secure a debt and recorded more than a year before the transfer. It appears that this bill of sale was not canceled of record. The claimant contended that the levy of the attachment was invalid, because the attacking creditor did not before the levy redeem the property by a payment in full of the debt secured by the bill of sale. The jury found the property subject to the levy " excepting $225 balance covered by the bill of sale," and the court rendered judgment as follows: " That the property levied upon by the attachment is subject to the levy made in this case, except that the Bank of LaGrange shall receive and be paid from the sale of said property when sold the sum of $225." The claimant moved for a new trial upon the general grounds, the motion was overruled, and the movant excepted. The attacking creditor filed no motion for new trial or cross-bill of exceptions as to that part of the verdict and judgment which recognized the validity and priority of the original security bill of sale.

It is not necessary to elaborate the rulings stated in the head-notes.    *Judgment reversed. Stephens and Hill, JJ., concur.*