Pleading, 31 Cyc. p. 618, n. 51.

---

### 17561.   ROBINSON *v.* CLIFTON.

The defendant having only an equity of redemption in the land levied on,
   since the title had been conveyed to others as security for indebtedness
   which was unpaid at the time of the levy, the land was not subject to
   levy under the attachment sued out against her as a fraudulent debtor.

                    DECIDED DECEMBER 14, 1926.

Attachment; from DeKalb superior court—Judge Hutcheson.
June 12, 1926.

*Thomas G. Lewis, Carl T. Hudgins,* for plaintiff.

*Branch & Howard, Bond Almand,* for defendant.

LUKE, J.  A fraudulent debtor's attachment was levied upon
certain real estate, and the defendant filed a petition for the pur-

---

Attachment, 6 C. J. p. 203, n. 48.

pose of removing the attachment, alleging that she did not own in fee simple the property levied on, but had only an equity of redemption in it. On hearing the evidence, from which it appeared that there were two outstanding security deeds to the property, one by a predecessor in title of the defendant and the other by the defendant, to secure a debt upon which there was a balance due, assumed by the defendant, the court ordered that the levy be dismissed. Upon the authority of *Smith* v. *Fourth National Bank,* 145 *Ga.* 741 (89 S. E. 762), and *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (3) (108 S. E. 821), and cases there cited, the court properly sustained the motion to dismiss the levy. The rulings on the trial show no error.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*