22223. YELLOW MANUFACTURING ACCEPTANCE CORPORATION *v.* McBRIDE.

HOOPER, J. 1. If a conditional-sale contract be executed on personalty not within the limits of this State, and such property is afterwards brought within this State, the contract shall be recorded within six months after the property is so brought in. Civil Code (1910), §§ 3259, 3319.

2. A truck sold in the State of Alabama under a conditional-sale contract was on December 31, 1930, levied upon in Fulton county, Georgia, under an attachment. A claim thereto was filed by the holder of the conditional-sale contract, which contract was not recorded in Fulton county until February 2, 1931. There was ample evidence from which the judge of the municipal court of Atlanta, sitting without a jury, was authorized to find that the vendee of the truck (defendant in attachment) brought it within the State during June, 1930, kept it in vendee's place of business at 1000 Marietta street, Atlanta, and used it "as a pick-up truck" in connection with its business in that city. *Held:* The evidence authorized the judgment in favor of the plaintiff in attachment and against the claimant. See *Armitage-Herschell Co. v. Muscogee Real Estate Co.,* 119 *Ga.* 552, 554 (46 S. E. 634); *Malone & Grant Co. v. Hammond,* 6 *Ga. App.* 114 (2) (64 S. E. 666); Civil Code (1910), § 5124.

3. No error of law appearing, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*

DECIDED NOVEMBER 23, 1932. REHEARING DENIED DECEMBER 20, 1932.

*Stacy C. Thompson, Randolph & Woodruff,* for plaintiff in error.
*William J. Davis Jr., G. N. Bynum,* contra.

ON MOTION FOR REHEARING.

HOOPER, J. Plaintiff in error, in its motion for rehearing, avers

that the undisputed evidence shows that after the truck in question was first brought to Georgia, it was carried back to Alabama, and contends that the truck was never brought into the State "permanently and within the legal meaning of the phrase as used in Code sections 3259, 3319." It is immaterial, so far as the issue in this case is concerned, whether the truck, after its legal situs in Georgia was established, was driven into Alabama or any other State. The controlling circumstance in this case is that there was ample evidence from which the trial judge, without the intervention of a jury, could determine that Georgia was the legal situs of the truck in June and July, 1930, more than six months prior to the recording of the contract in February, 1931. At the time of levy on December 31, 1930, the truck in question was "found in possession of defendants at 1000 Marietta street," Atlanta, Ga. It is undisputed that defendants in attachment "rented a place for assembling freight" in Atlanta, Ga., and that they "maintained a pick-up truck in Atlanta, Ga.," and that they were in possession of the truck in question under a conditional-sale contract. W. R. Ayers testified: "I applied to J. H. Lowe & Son Motor Express Company [defendant in attachment] for a job about the middle of June, 1930. I made application at their place of business at 1000 Marietta street, Atlanta, Ga. After making application for a job I hung around there most of the time until I started working for them as a driver about the middle of July. I saw the truck levied on in this case, both before and after I started to work. *I saw it at 1000 Marietta street in June and July, 1930.* I rode in it some before I started to work for the J. H. Lowe & Son Company. I saw the truck levied on in this case yesterday. It is the same one I am talking about. It is a G. M. C. T-30 truck. *I drove the truck in Atlanta in 1930 for making deliveries from defendant's place of business at 1000 Marietta street."* (Italics ours.) B. C. McGauhey testified: "I drove for J. H. Lowe & Son Motor Express Company, the defendant in this case, in 1930. I started working for them in August, 1930. I applied for a job with them at 1000 Marietta street, Atlanta, about the middle of June, but did not go to work until sometime in August. I hung around their place of business at 1000 Marietta street a good part of the time after I applied for a job. I saw the truck levied on in this case in Atlanta in June and July, 1930. I drove it in Atlanta in August,

1930. *It was used as a pick-up truck in Atlanta.*" (Italics ours.) J. T. Clower testified: "I am warehouse manager of Monroe Bonded Warehouse at 1000 Marietta street, Atlanta, Ga. The defendant in this case rented space in 1930 at 1000 Marietta street, Atlanta, Ga., from Monroe Bonded Warehouse, where they maintained a place of business and stored their trucks. The truck that was levied on in this case was over here in the months of June and July, 1930. I saw it on numerous occasions, and it was stored in the warehouse from time to time."

The foregoing evidence amply authorized the judge, passing on the question of fact in lieu of a jury, to find that the situs of the truck was in Georgia, and this is not altered by the fact that the truck may have thereafter been driven into Alabama or any other State.

*Rehearing denied. Broyles, C. J., concurs. MacIntyre J., not presiding.*