## 25319. LUTHER WILLIAMS BANK AND TRUST COMPANY, for use, etc., *v.* SHERWOOD.

DECIDED JULY 9, 1936.

*D. Lee Churchwell,* for plaintiff.
*Robert G. Plunkett,* for defendant.

BROYLES, C. J. On August 3, 1932, a fi. fa. issued from the municipal court of Macon, in favor of the Luther Williams Bank and Trust Company for the use of the City Bank and Trust Company, and against John H. Sherwood, was levied on certain property as the property of the defendant in execution. Mrs. Eulah Sherwood filed her claim to the property. At the conclusion of the trial the judge directed a verdict finding the property levied on not subject to the execution. The plaintiff in fi. fa. filed a petition for certiorari. The writ was issued, and subsequently was overruled. On this judgment the plaintiff in fi. fa. assigned error. The record discloses that in November, 1929, John H. Sherwood, the defendant in fi. fa., executed to the Harris Loan Company a bill of sale to the property in controversy, to secure a debt for $300. This bill of sale was witnessed by a notary public, and was duly recorded in the office of the clerk of Bibb superior court on November 20, 1929. On August 8, 1932, for value received the Harris Loan Company transferred the bill of sale to Mrs. Eulah Sherwood, the claimant. Both Mr. Harris, of the Harris Loan Company, and Mrs. Sherwood testified that the transfer "was absolutely bona fide," and that Mrs. Sherwood gave for the bill of sale her promissory note for $50 and a diamond ring valued at $250. The transfer was witnessed by a notary public, and was duly recorded. The undisputed evidence shows that the bill of sale which the claimant bought and had transferred to her had been duly recorded by her predecessor in title, since November 20, 1929. The plaintiff in fi. fa. did not get a judgment against the defendant in fi. fa. until March 23, 1932, and did not have the

property levied on until August 3, 1932. The Harris Loan Company bill of sale, having been executed and recorded several years before the plaintiff obtained judgment, must prevail; and the claimant, Mrs. Sherwood, by virtue of the transfer of this bill of sale to her, stood in the shoes of the Harris Loan Company.

In the municipal court the plaintiff in fi. fa. offered to amend and pray "for leave to tender the claimant the amount in cash [$50] which she paid to Harris Loan Company in procuring the alleged transfer, on the showing in the evidence that the balance of the consideration alleged to have been paid by claimant was money and property which rightfully belonged to the defendant in fi. fa." The judge disallowed this amendment, and this ruling was assigned as error in the petition for certiorari. The judge did not err in this ruling. It is immaterial whether the claimant paid cash or property for the bill of sale. Under the evidence she paid in property worth $300, and the tender should have been for that amount. However, regardless of the amount she paid, the tender should have been made to the holder of the lien (of which the plaintiff in fi. fa. had constructive notice) *before* the levy was made. "In order for a creditor to levy an execution upon property covered by a valid bill of sale made to secure a debt, the creditor must *first* redeem the property by paying off in full the security debt; and a levy made without a compliance with such *condition precedent* is *void*." (Italics ours.) *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (3) (108 S. E. 821), and cit.; *Deariso* v. *Lawrence,* 3 *Ga. App.* 580 (3) (60 S. E. 330); *First National Bank of Commerce* v. *McFarlin,* 146 *Ga.* 717 (92 S. E. 69).

It suffices to say that the other assignments of error in the petition for certiorari are without merit. The record fails to disclose any reversible error in the trial of the case. The judge did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*