27252. HAMPTON *v.* UNIVERSAL CREDIT COMPANY.

DECIDED MARCH 3, 1939.

*William Butt,* for plaintiff. *Harry S. McCowen,* for defendant.

BROYLES, C. J. W. E. Hampton on August 14, 1937, in Fannin County, Georgia, swore out an attachment against E. L. Holt, claiming he had been damaged by Holt in the amount of $450 as the result of a collision between his car and that of Holt's, and that the damage was the result of Holt's negligence. On August 15, 1937, the attachment was executed by levying it on a Ford automobile as the property of Holt, the car being found in his possession in Fannin County, Georgia. On November 2, 1937, Universal Credit Company filed its claim to the property and gave the statutory bond. Upon the trial in the superior court of Fannin County, after the conclusion of the evidence, the plaintiff moved

for a dismissal of the claim, which motion was denied, and a verdict for the claimant was directed. Subsequently, the plaintiff's motion for new trial was overruled, and he excepted to that judgment. The transcript of the record shows the following additional facts: On June 21, 1937, E. L. Holt bought the car in question from Thomas S. Evans, in North Carolina, under a conditional-sale contract which was never recorded in that State. Subsequently, but before the levy of the plaintiff's attachment, Evans sold said contract to Universal Credit Company; the automobile was casually brought into Georgia on August 14, 1937; and, on November 15, 1937, the conditional-sale contract was properly recorded in the office of the clerk of the superior court of Fannin County, Georgia. Certain North Carolina statutes and court decisions were put in evidence by the plaintiff, and it is contended by his counsel that, under such statutes and decisions, the conditional-sale contract never having been recorded in North Carolina, was not a valid contract between the parties thereto, and therefore could not legally be recorded in Georgia. The decisions of the Supreme Court of North Carolina, as pleaded, hold, in substance, that a conditional-sale contract, unless properly recorded in that State, is void as to *creditors and purchasers*. However, under such decisions, the failure to record such a contract in North Carolina does not invalidate the contract, except as to creditors and purchasers. As between the original parties thereto it is as enforceable as if it had been duly recorded, and is a contract that can be recorded in the State of Georgia within six months after the property conveyed by the contract is casually brought into this State.

Moreover, questions as to the recording or registration of contracts relate to the remedy thereunder and are controlled by the lex fori, which, in this case, is the law of Georgia. Code, §§ 67-108, 67-1403, provide that where a conditional-sale contract is executed on personalty not within the limits of this State, and such property is afterwards brought into the State, the contract (where the purchaser of the property is a non-resident of the State) shall be recorded in the office of the clerk of the superior court of the county in which the property is found, and so recorded within six months after it is so brought in. "The recording laws of a State only embrace personal property within that State; they affect only the rights of persons dealing with property situated in that State,

and have no extra-territorial effect when property is taken into another State. There seem to be no cases to the contrary." U. S. &c. Co. v. Northwest Engineering Co., 146 Miss. 476 (112 So. 580, 57 A. L. R. 530). "Where a written contract for a conditional sale of personal property is to be enforced in Georgia, the mode of attestation and record of the contract will be fixed by the laws of this State. Though attestation of a written contract for the conditional sale of personalty is necessary to its being legally recorded, yet it is not essential that the attesting witness be an official, if proper probate is made." *Burgsteiner* v. *Street-Overland Co.*, 30 *Ga. App.* 140 (4, a, b) (117 S. E. 268). See also Weinstein v. Freyer, 93 Ala. 257 (9 So. 285, 12 L. R. A. 700).

The controlling question in the instant case being whether the claimant's conditional-sale contract was recorded as required by the registration statutes of Georgia, and the undisputed evidence showing that it was so recorded in the county of this State into which the property was casually brought, and so recorded within six months from the execution of the contract and the bringing of the property into Georgia, the court did not err in directing a verdict for the claimant. The fact that the contract was not so recorded before the institution of the attachment proceedings is immaterial. "The effect of a statute prescribing a time limit for the recording of instruments is that if the instrument is recorded within that time, the record, and consequently the notice imported thereby, relates back to the time of the execution of the instrument. . . Had the plaintiff recorded its mortgage within the six-months period, the notice implied by the record would have related back to the execution of the instrument, antedating the purchase by the defendant, and it would have of necessity prevailed in the present action." *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.*, 119 *Ga.* 552 (46 S. E. 634). In *Malone & Grant Co.* v. *Hammond*, 6 *Ga. App.* 114, 119 (64 S. E. 666), where a mortgage on a mule was executed in Alabama, and the mule was subsequently brought into Georgia, and the mortgage was never recorded in this State, this court held: "The defendants not having recorded their mortgage within the six months, as provided by our Code section, supra, and the plaintiff having bought the mule in good faith in the State of Georgia from one who had possession of it and who claimed title thereto, the plaintiff must be protected as an innocent purchaser without notice."

In *Burgsteiner* v. *Street-Overland Co.*, supra, said company sold an automobile in Florida to one Putnam, and took notes retaining the title thereto. The car was subsequently brought into Georgia and sold to Burgsteiner, who bought it without notice of the retention-of-title contract and before the contract was recorded here, but the contract was recorded within the six-months period. This court said: "The proof of these things required a finding for the plaintiff [the Street-Overland Co.]. . . But the defendant [Burgsteiner] contends that he bought the property without notice and before the notes containing the retention of title were recorded, and even before they could have been legally recorded in Georgia, because of lack of probate. This can make no difference under the laws of Georgia. A purchaser of personal property brought into this State from another State buys it under the law that allows the holder of the mortgage on the property or of a note in which title to it is retained, . . [to record said instrument] within six months after the property is brought into this State." It is well settled "that the same rule which applies to the recording of mortgages applies to conditional bills of sale in which title is reserved." *Burgsteiner* v. *Street-Overland Co.*, supra, citing *North* v. *Goebel*, 138 *Ga.* 739 (76 S. E. 46). It is obvious that the plaintiff in the instant suit has no stronger case because of the levy of his attachment than an innocent purchaser of the property would have had. The cases cited by the plaintiff in error are distinguished by their particular facts from the instant case. The foregoing rulings control this case, and no ground of the motion for new trial shows cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*