28336.   BULL *v.* JOHNSON.

Decided November 29, 1940.

*E. M. Price,* for plaintiff in error.

STEPHENS, P. J. The burden of proof is on the plaintiff in execution in claim cases. Where it appears that the property levied on was, at the time of the levy, not in possession of the defendant in fi. fa., as shown by the entry of levy on the execution, the plaintiff must carry the burden of showing either that title was in the defendant in execution or possession in him since the date on which the judgment became a lien. *Singer Sewing Machine Co.* v. *Crawford,* 34 *Ga. App.* 719 (131 S. E. 103); *Newsome Lumber Co.* v. *Ramsey Motor Cor.,* 36 *Ga. App.* 194 (136 S. E. 166); *Thompson* v. *Thompson,* 31 *Ga. App.* 340 (121 S. E. 586). In addition to the introduction in evidence of the execution and entry thereon the plaintiff introduced evidence to the effect that on August 17, 1936, the defendant in execution purchased in his own name the truck levied on. There was also evidence to the effect that the plaintiff in execution had seen the defendant in execution in possession of the truck prior to the rendition of the plaintiff's judgment; that the plaintiff "thought" the truck belonged to the defendant; and that he had seen it and the trailer in the defendant's yard since the rendition of the judgment. The bill of sale to secure debt was made by the defendant in execution to D. L. Stone, and was dated October 15, 1938. The judgment on which the execution was issued was rendered December 7, 1938, which was subsequently to the bill of sale conveying the legal title out of the defendant in execution. The judgment was a common-law judgment, and there was no lien upon the truck at the time it was conveyed to Stone. No attack is made by the plaintiff on the bill of sale to Stone, and thereby the defendant in execution became divested of whatever interest he had in the truck to secure debt. It appeared without dispute that the trailer was purchased by the wife in her own name and the title was never in the husband, the defendant in fi. fa. Therefore the undisputed evidence shows that the plaintiff in fi. fa. was not entitled to proceed with the levy of the execution. There was no compliance with the law as to a levy upon and sale of any equity of the defendant in execution in the truck. The fact that

the plaintiff, prior to the levy of the execution, offered to pay to the holder of the bill of sale, Stone, "what he had against the truck," which Stone would not accept, stating that he had "taken the truck over in settlement of the indebtedness due against it," does not show any compliance with the Code, §§ 39-201, 67-1301. "In order for a creditor to levy an execution upon property covered by a valid bill of sale made to secure a debt, the creditor must first redeem the property by paying off in full the security debt, and a levy made without a compliance with such condition precedent is void." *Bank of LaGrange* v. *Rutland*, 27 *Ga. App.* 442 (3) (108 S. E. 821), and cit. Therefore the undisputed evidence shows that the plaintiff in fi. fa. was not entitled to proceed with the levy of the execution.

However, the claim is not interposed by the holder of the bill of sale, Stone, in whom the legal title to the property levied upon was vested, and who had actual possession thereof at the time of the levy, but is made by the wife of the defendant in execution. It is a general rule that a claimant, by showing title in a third person, can not defeat the prima facie case of the plaintiff in execution made by the introduction of the execution with entry of levy showing the property levied on in possession of the defendant in execution, but he must show title in himself and not in another. *Stirks* v. *Johnson*, 99 *Ga.* 298 (25 S. E. 648) ; *Thompson* v. *Waterman*, 100 *Ga.* 586 (28 S. E. 286) ; *Rucker* v. *Hunt*, 44 *Ga. App.* 836 (4) (163 S. E. 612). But where, as here, the plaintiff in execution fails to show any right to proceed with the execution, the claimant, upon showing "such an interest [in the property] as would be superior to the right of the plaintiff in fi. fa. to proceed with the execution" (*Rowland* v. *Gregg*, 122 *Ga.* 819, 821, 50 S. E. 949, and cit.), would be entitled, as against the plaintiff in execution, to maintain the claim. See *Wade* v. *Hamilton*, 30 *Ga.* 450. It appears from the evidence that the claimant had owned the trailer, a part of the property levied on, and the evidence at least authorized the inference that the claimant had owned the equitable title to the truck. The undisputed evidence was that the claimant consented to the transfer by her husband, by bill of sale, of both the truck and trailer to D. L. Stone, which was to secure a debt of her husband, and that Stone afterwards agreed with her that he would take possession of the truck in settlement of this debt and

pay to the claimant a sum of money as the difference between the value of the truck and the amount of the debt. This gave the claimant the right to a purchase-money lien on the truck and perhaps the trailer. In so far as the claimant transferred or consented to the transfer of any interest she may have had in the truck and in the trailer as security for or in payment of the debt of her husband, such transfer, as against her, being in payment of her husband's debt, was void. She had the right to contest the transfer on this ground. The claimant has a right in the property superior to that of the plaintiff in fi. fa. It follows that the judge erred in rendering judgment for the plaintiff in fi. fa., and in overruling the claimant's motion for a new trial.

*Judgment reversed. Felton, J., concurs, Sutton, J., concurs in the judgment.*