34963. JONES *v.* ANDREWS.

TOWNSEND, J. 1. The bill of exceptions here contains one valid assignment of error upon a final judgment, as follows: "To the order of the court directing a verdict, and to the verdict, plaintiff in attachment then excepted, and now excepts, and assigns the same as error." This is sufficient to prevent dismissal of the bill of exceptions, and to raise the question of whether the verdict was demanded as directed. *Mullis v. McCook*, 185 *Ga.* 171 (1) (194 S. E. 171).

2. Only such errors as are properly assigned in the bill of exceptions can be considered by this court. Where in the bill of exceptions an order is set out, setting a motion to dismiss a levy in an attachment case for hearing separate from the main case, but no error is assigned thereon or no exceptions pendente lite taken thereto, no question for decision is presented by such order. *Sherill v. Sherill*, 202 *Ga.* 288 (1) (42 S. E. 2d 921); *Ayares Small Loan Co. v. Maston*, 78 *Ga. App.* 628 (4) (51 S. E. 2d 699).

3. Where a case is brought up by direct bill of exceptions assigning error on rulings admitting or excluding evidence, and it is not alleged and does not appear that the verdict was necessarily controlled by such rulings, they are not reviewable by this court. *Carder v. Arundel Mortgage Co.*, 47 *Ga. App.* 309 (3) (170 S. E. 312).

4. In an attachment proceeding, where a levy has been made and a claimant to the property files a pleading setting up that the property is not subject to levy because legal title thereto is not in the alleged owner but is in another under a valid bill of sale to secure debt, such pleading is not subject to a motion to dismiss made on the grounds, (a) that there is no provision for such a proceeding in law; (b) that the issue sought to be adjudicated therein is an essential element of the claim case; and (c) that the validity of the claimant's superior lien must first be established. Since payment, by a claimant to property so levied upon, of a valid outstanding bill of sale to secure debt thereon is a condition precedent, a levy not in compliance therewith is void. Code § 39-201; *Luther Williams Bank & Trust Co. v. Sherwood*, 53 *Ga. App.* 666 (1) (187 S. E. 193); *Bull v. Johnson*, 63 *Ga. App.* 750 (2) (12 S. E. 2d 96). Code § 39-201, supra—providing in substance that, in order for a creditor to levy an execution upon property covered by a valid bill of sale made to secure debt, such creditor must first redeem the property by paying off in full the security deed—has been applied to attachment cases before judgment. *Bank of LaGrange v. Rutland*, 27 *Ga. App.*

442 (3) (108 S. E. 821); *Smith* v. *Fourth National Bank,* 145 *Ga.* 741 (2) (89 S. E. 762). A motion to dismiss a pleading which sets forth that this condition precedent had not been complied with would not raise the question of whether the validity of the levy should have been tried ahead of the main attachment case and claim cases, but only the question of whether, admitting all of the allegations of such pleading, there might still be a valid levy. Since the pleading set out grounds for dismissal of the levy, the motion to dismiss such pleading was properly denied.

5. Where, as here, personal property is purchased in another State under a conditional-sale contract reserving title in the vendor until the purchase price is paid, and the property is thereafter, while casually within this State, levied upon by virtue of a writ of attachment within six months after having been casually brought into this State, and thereafter, still within such six-month period, the conditional-sale contract is properly recorded within the county in which the property is located and the writ of attachment sued out, such recording of the conditional-sale contract relates back to the time when the property was brought into the State, under the provisions of Code § 67-108 relative to the recording of liens on property afterward brought into the State, so as to give the conditional-sale contract priority over the lien of the attachment. *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.,* 119 *Ga.* 552, 554 (46 S. E. 634); *Morris Plan Bank* v. *Ginn,* 56 *Ga. App.* 681, 685 (193 S. E. 783); *Hampton* v. *Universal Credit Co.,* 59 *Ga. App.* 568, 570 (1 S. E. 2d 753).

6. "Questions as to the recording or registration of contracts relate to the remedy thereunder and are controlled by the lex fori, which, in this case, is the law of Georgia. . . The controlling question . . . being whether the claimant's conditional-sale contract was recorded as required by the registration statutes of Georgia, and the undisputed evidence showing that it was so recorded in the county of this State into which the property was casually brought, and so recorded within six months from the execution of the contract and the bringing of the property into Georgia, the court did not err in directing a verdict for the claimant." *Hampton* v. *Universal Credit Co.,* supra, p. 568 et seq. Under this authority, the conditional-sale contract, when properly recorded within this State within the six-month period provided by statute, was valid and the recording thereof constituted constructive notice to creditors, regardless of the effect of the Virginia statutes pleaded and proved by the plaintiff in error, to the effect that the contract, not having been recorded in Virginia, was void in that State. Accordingly, the provisions of the contract being enforceable in this State, and taking precedence over the attachment levy when properly recorded, as was done here, and the evidence being without dispute that the debt due under such contract had not been paid, and that no tender thereof had been made by the plaintiff in attachment—it was not error to direct a verdict dismissing the levy on the ground that there had been no compliance with Code § 39-201, that the "plaintiff in fi. fa. take up the debt necessary to be paid by the defendant in order to give such defendant legal title to the property" before a valid levy may be made.

7. Since, under the circumstances above set out, the plaintiff in error,

Jones, who sued out the attachment, could not recover without first paying off the debt due the vendor, Trailmobile, Inc., and since the claimant, Andrews, jointly owned the property with McLaughlin, the defendant in attachment, such claimant was invested with the same right to move for the dismissal of the levy as McLaughlin, the defendant in attachment. The contention that Andrews was estopped because he was vice-president of Umatilla State Bank, the holder of a second mortgage, and because the defendant McLaughlin had registered the trailer for a tag in his own name, is not well taken. The action of the bank, of which Andrews was vice-president, in taking a second mortgage from McLaughlin on property jointly owned by them both, did not per se divest Andrews of his interest in the property. Also, the action of McLaughlin in registering the vehicle for a tag in his own name was not the act of Andrews and did not of itself divest him of his interest therein.

Applying the foregoing rules of law to the facts here, the evidence demanded a verdict dismissing the levy. Accordingly, the action of· the trial court in directing such verdict is without error.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED FEBRUARY 9, 1954—REHEARING DENIED FEBRUARY 24, 1954.

*Arthur L. Purvis, Shelby Myrick,* for plaintiff in error.

*Kirk McAlpin, Bouhan, Lawrence, Williams & Levy,* contra.

On February 18, 1953, H. J. Jones, the plaintiff in error here, filed an affidavit and bond in attachment returnable to the City Court of Savannah against Lee McLaughlin, a nonresident of the State, and had the same levied upon a Trailmobile trailer. On April 16, 1953, within six months of the time the property had been brought into the State, a contract of conditional sale was recorded in the Superior Court of Chatham County, showing Trailmobile, Inc., as the vendor and McLaughlin and Oakley Andrews, the defendant in error here, as vendees, the contract being dated July 14, 1952, and executed in the State of Virginia. On motion of the defendant in error, his pleading, denominated a motion to dismiss the levy, was set for hearing prior to the attachment and claim cases, and at the conclusion of this hearing the court directed a jury verdict to the effect that the levy be dismissed.

Other evidence at the hearing was substantially as follows: that the debt on which the attachment was levied was a personal debt owing by McLaughlin to Jones; that the debt due to Trailmobile, Inc., under the conditional-sale contract had not been paid; that the tractor to which the trailer was attached had

printed thereon the following: "Lee H. McLaughlin, Fruit and Produce, Orlando, Fla."; that documents found in the cab at the time of the levy stated the owner as "Lee H. McLaughlin"; that a Florida license tag had been issued to McLaughlin as owner on October 30, 1952; that a chattel mortgage recorded in Florida, but not recorded in Georgia, showed a transfer of title to secure debt by McLaughlin as sole owner to Umatilla State Bank of Umatilla, Florida, of which bank the defendant in error, Andrews, was vice-president; and that on April 14, 1953, a certificate of title was issued to McLaughlin as sole owner by the Motor Vehicle Commissioner of Florida, which showed Trailmobile, Inc., to be the holder of the first lien, and Umatilla State Bank holder of a second lien against the property. Statutes of the State of Virginia were also pleaded and proved, to the effect that reservations of title in bills of sale which are not recorded according to the laws of that State shall be void as to creditors of the vendee and purchasers for value without notice. There was no evidence to indicate that the contract had ever been recorded within the State of Virginia.

To the direction of the verdict dismissing the levy, the plaintiff in error filed in this court a direct bill of exceptions, in which error is assigned, or attempted to be assigned, on the sustaining of the pleading filed by the claimant Andrews, denominated a motion to dismiss the levy; and on the denial of the plaintiff in error's motion to dismiss the same; on the judgment setting the trial of this issue ahead of trial of other issues in the case; on the admission of certain evidence; and on the direction of the verdict dismissing the levy.