## 18579. JONES v. ANDREWS.

Argued May 10, 1954—Decided May 31, 1954.

*Myrick & Myrick, Shelby Myrick, Arthur L. Purvis,* for plaintiff in error.

*Kirk McAlpin, Bouhan, Lawrence, Williams & Levy,* contra.

Sutton, Justice. This case came to this court by writ of certiorari from the Court of Appeals, and it is conceded by counsel for plaintiff in error that the statement of facts as set out in the decision of the Court of Appeals in *Jones* v. *Andrews,* 89 *Ga. App.* 734 (81 S. E. 2d 304), is correct, and that statement will not be repeated here.

The Court of Appeals in affirming the judgment of the trial court held in substance, in division 4 of the opinion, that, in order for a creditor to have an execution levied upon property covered by a valid bill of sale to secure debt, such creditor must first redeem the property by paying the debt, and a levy on the property covered by the bill of sale without compliance with such provision is void. Code § 39-201; *Luther Williams Bank & Trust Co.* v. *Sherwood,* 53 *Ga. App.* 666 (1) (187 S. E. 193); *Bull* v. *Johnson,* 63 *Ga. App.* 750 (2) (12 S. E. 2d 96); *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (3) (108 S. E. 821); *Smith* v. *Fourth Nat. Bank,* 145 *Ga.* 741 (2) (89 S. E. 762). And the court further held in divisions 5 and 6 of its decision (*Jones* v. *Andrews,* supra) as follows:

"5. Where, as here, personal property is purchased in another State under a conditional-sale contract reserving title in the vendor until the purchase price is paid, and the property is thereafter, while casually within this State, levied upon by virtue of a writ of attachment within six months after having been casually brought into this State, and thereafter, still within such six-month period, the conditional-sale contract is properly recorded within the county in which the property is located and the writ of attachment sued out, such recording of the conditional-sale contract relates back to the time when the property was brought into the State, under the provisions of Code § 67-108

relative to the recording of liens on property afterward brought into the State, so as to give the conditional-sale contract priority over the lien of the attachment. *Armitage-Herschell Co.* v. *Muscogee Real Estate Co.*, 119 *Ga.* 552, 554 (46 S. E. 634); *Morris Plan Bank* v. *Ginn*, 56 *Ga. App.* 681, 685 (193 S. E. 783); *Hampton* v. *Universal Credit Co.*, 59 *Ga. App.* 568, 570 (1 S. E. 2d 753).

"6. 'Questions as to the recording or registration of contracts relate to the remedy thereunder and are controlled by the lex fori, which in this case, is the law of Georgia. . . The controlling question . . . being whether the claimant's conditional-sale contract was recorded as required by the registration statutes of Georgia, and the undisputed evidence showing that it was so recorded in the county of this State into which the property was casually brought, and so recorded within six months from the execution of the contract and the bringing of the property into Georgia, the court did not err in directing a verdict for the claimant.' *Hampton* v. *Universal Credit Co.*, supra, p. 568 et seq. Under this authority, the conditional-sale contract, when properly recorded within this State within the six-month period provided by statute, was valid and the recording thereof constituted constructive notice to creditors, regardless of the effect of the Virginia statutes pleaded and proved by the plaintiff in error, to the effect that the contract, not having been recorded in Virginia, was void in that State. Accordingly, the provisions of the contract being enforceable in this State, and taking precedence over the attachment levy when properly recorded, as was done here, and the evidence being without dispute that the debt due under such contract had not been paid, and that no tender thereof had been made by the plaintiff in attachment—it was not error to direct a verdict dismissing the levy on the ground that there had been no compliance with Code § 39-201, that the 'plaintiff in fi. fa. take up the debt necessary to be paid by the defendant in order to give such defendant legal title to the property' before a valid levy may be made."

The rulings in the cases of *Hubbard* v. *Andrews & Co.*, 76 *Ga.* 177, and *Peterson* v. *Kaigler & Walker*, 78 *Ga.* 464 (3 S. E. 655), are not contrary to, but are in accord with, the above rulings in this case. The decision of this court in *Champion* v. *Wilson*

& Co., 64 Ga. 184, is distinguishable upon its facts from the present case and is without application here.

We think that the decision of the Court of Appeals in this case is correct, and therefore the same is affirmed.

*Judgment affirmed. All the Justices concur, except Duck-worth, C. J., and Candler, J., who dissent.*