28715. EASTERN MOTOR CO. *v.* COMMERCIAL
CREDIT CO.

DECIDED FEBRUARY 8, 1941.

*Nathan Jolles, C. Wesley Killebrew,* for plaintiff in error.
*W. D. Lanier, Clarence L. Powell,* contra.

SUTTON, J. The McMurria Motor Company of Columbus, Georgia, sold a certain described automobile to W. C. Frazier, under a conditional-sale contract, dated August 8, 1936, and on the back of the contract and as a part thereof the purchaser's address was given as 434 Broadway, Columbus, Georgia. The conditional bill of sale was given to secure the balance of the purchase-price of the automobile, eighteen notes of $25 each, and it provided that the title to the automobile was to remain in the seller until the amounts due thereunder were fully paid. The conditional-sale contract was sold and transferred to the Commercial Credit Company Inc., on August 8, 1936. W. C. Frazier made his monthly payments on the purchase-price of the automobile to the Commercial Credit Company Inc., through June, 1937, at which time he ceased paying, leaving a balance of $200 unpaid. The Commercial Credit Company Inc., had the conditional-sale contract recorded in the office of the clerk of the superior court of Muscogee County, Georgia, at Columbus on August 28, 1937. The Eastern Motor Company of Augusta, Georgia, purchased the automobile in question from W. C. Frazier, in Augusta, Richmond County, Georgia, on April 6, 1938, where Frazier then lived. The Commercial Credit Company Inc., after making demand for the payment of the balance due under its conditional-sale contract, to wit, $200, or the surrender of the automobile, filed the present suit against the Eastern Motor Company for the car or its value. The above-stated facts appear from the record without dispute, and it was stipulated that the value of the car at the time of the trial was $100, and that the balance due the plaintiff for the car was $200. Two agents of the Eastern Motor Company testified that, after this suit was filed, they went to Columbus, Georgia, in the early part

of 1939 and made an investigation as to the residence of W. C. Frazier in Muscogee County, Georgia, and that from the investigation they were of the opinion that Frazier did not live there on August 28, 1937, when the conditional-sale contract was recorded, but that he had moved from Muscogee County, Georgia, to Opp, Alabama, in February, 1937; that he was a resident of Augusta, Richmond County, Georgia, on April 6, 1938, when the Eastern Motor Company purchased the automobile in question from him, and that it had an Alabama license tag on it, and that the Eastern Motor Company did not know of any outstanding lien against the car when that company bought it. The court directed a verdict for the plaintiff for $100. The exception here is to the judgment overruling the defendant's motion for new trial.

1. It is conceded in the brief of the plaintiff in error that "If the paper [the conditional-sale contract] was properly recorded under the facts and circumstances of this case, then and in that event the defendant, Eastern Motor Company, would be liable for the value of the car." "The registration and record of conditional bills of sale shall be governed in all respects by the laws relating to the registration of mortgages on personal property, . ." Code, § 67-1403. Code, § 67-108, provides that a mortgage on personalty shall be recorded in the county where the mortgagor resided at the time of its execution, if a resident of this State. It appears from the record without contradiction that W. C. Frazier was a resident of Columbus, Muscogee County, Georgia, on August 8, 1936, when he purchased the automobile in question, and that the conditional-sale contract given by him to the McMurria Motor Company for the car was recorded in the office of the clerk of the superior court of Muscogee County, Georgia, on August 28, 1937. So, the conditional-sale contract was recorded in the county where the mortgagor resided at the time of its execution, and this was done some six months before the automobile covered by the bill of sale was sold by W. C. Frazier, in Augusta, Richmond County, Georgia, to the Eastern Motor Company. Under the facts as here presented, it is immaterial whether the conditional-sale contract was recorded immediately after its execution or at the time when in fact it was recorded, as it does not appear from the record that the defendant, before purchasing the automobile, made any investigation as to where W. C. Frazier got the car or whether he had

paid for it. It was held in *Atkinson* v. *Brunswick-Balke-Collender Co.,* 144 *Ga.* 694 (87 S. E. 891): "Where a vendor of personal property sells certain goods on credit, and delivers possession thereof to the vendee, and a written contract is duly executed by the terms of which title is reserved in the vendor until the purchase-money is paid, and the contract is duly recorded in the county of the purchaser's residence, the legal title will not vest in the purchaser until the purchase-money has been paid. Civil Code, §§ 3318, 3319, 3259. Where a contract of the character just mentioned is so executed and recorded, the record thereof is notice to third persons, notwithstanding the property may subsequently be removed into another county by the purchaser with the knowledge and consent of the vendor." See also *Pickard* v. *Garrett,* 141 *Ga.* 831 (82 S. E. 251).

2. Under the facts of this case and the law applicable thereto, the court did not err in directing a verdict for the plaintiff, and consequently did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*